Carol THOMPSON, individually and Scott Hageman, by and through his conservator and guardian, Carol Thompson, Plaintiffs–Appellees,

v.

BUDGET RENT–A–CAR SYSTEMS, INC., a Colorado corporation, Defendant–Appellant.

No. 95CA2185.

Colorado Court of Appeals, Div. III.

Sept. 5, 1996.

Rehearing Denied Oct. 10, 1996.

Certiorari Denied Aug. 11, 1997.

Fischer, Howard & Francis LLP, Steven G. Francis, Fort Collins, for Plaintiffs–Appellees.

Burg & Eldredge, P.C., Scott J. Eldredge, Kirstin G. Lindberg, Denver, for Defendant–Appellant.

Opinion by Judge KAPELKE.

In this insurance coverage dispute, defendant, Budget Rent–A–Car Systems, Inc.

(Budget), appeals from the partial summary judgment entered in favor of plaintiffs, Carol Thompson, individually, and Scott Hageman, by and through his conservator and guardian, Carol Thompson. We affirm.

On June 26, 1993, Hageman was seriously injured in an accident while a passenger in a car driven by an individual who had rented the car from Budget, which is a self-insurer pursuant to § 10–4–716, C.R.S. (1994 Rep. Vol. 4A). The insurance portion of the rental agreement provided, in pertinent part:

> All coverages automatically conform to the basic requirements of any 'No Fault' law which may be applicable. RENTER WAIVES UNINSURED AND UNDERINSURED MOTORIST, SUPPLEMENTAL NO FAULT AND OTHER OPTIONAL COVERAGES. If any coverage herein cannot be excluded or waived renter agrees that such coverage shall be automatically reduced to the minimum requirements of the applicable financial responsibility law.

Following the accident, Budget paid Hageman $50,000 in rehabilitation benefits pursuant to § 10–4–706(1)(c), C.R.S. (1994 Repl. Vol. 4A), $50,000 in personal injury protection (PIP) benefits pursuant to § 10–4–706(1)(b), C.R.S. (1994 Repl.Vol. 4A), and $15,964 in benefits for loss of income.

Thereafter, plaintiffs brought this action seeking additional rehabilitation benefits and payment for essential services, and alleging bad faith breach of an insurance contract and outrageous conduct.

Plaintiffs filed a motion for partial summary judgment, and the trial court ruled that Budget was required to pay rehabilitation benefits without dollar or time limitation. The issue was certified for appeal and is now pending before the Colorado Supreme Court, pursuant to C.A.R. 50.

The trial court later granted plaintiffs' motions to amend the complaint to add a claim that Budget was obligated to pay medical and income loss PIP benefits without dollar or time limitation. Thereafter, the court entered partial summary judgment in favor of plaintiffs on these claims. This appeal followed.

## I.

Budget first contends that plaintiffs are not entitled to seek modification or reformation of the insurance contract because Hageman was neither the named insured nor an intended third-party beneficiary of the contract. We disagree.

An accident victim to whom PIP benefits are payable is a third-party beneficiary of an insurance contract under the No–Fault Act and, as such, has standing to bring an action in contract against the insurer to recover benefits. *Krieg v. Prudential Property & Casualty Insurance Co.*, 686 P.2d 1331 (Colo.1984); *see also* M. Rhodes, *Couch on Insurance* § 66:128 (2d ed. 1984) (third party beneficiaries may seek reformation of an insurance contract).

## II.

Budget next contends that the trial court erred in concluding that it was required to provide rehabilitation benefits without dollar or time limitation. However, because this issue is before the Supreme Court in the separate appeal, we do not address it.

## III.

Budget asserts that the trial court erred in reforming the rental agreement to include medical and loss of income PIP benefits without dollar or time limitation. We disagree.

The Auto Accident Reparations Act, (No–Fault Act) §§ 10–4–701 to 10–4–723, C.R.S. (1994 Repl.Vol. 4A), is incorporated into every automobile insurance contract, and its terms govern in any conflict with the terms of the insurance policy. *Allstate Insurance Co. v. Allen*, 797 P.2d 46 (Colo.1990).

Section 10–4–706(1), C.R.S. (1994 Repl.Vol. 4A) of the Act states, in pertinent part:

> [T]he minimum coverages required … are as follows:

> .    .    .    .    .

> (b) *Compensation without regard to fault, up to a limit of fifty thousand dollars per person for any one accident,* for payment of all reasonable and necessary expenses

for medical ... and non-medical remedial care and treatment ... performed within five years after the accident for bodily injury arising out of the use or operation of a motor vehicle .... (emphasis added)

Section 10–4–710(2)(a), C.R.S. (1994 Repl. Vol. 4A) further provides:

> Every insurer *shall offer for inclusion in a complying policy,* in addition to the coverages described in section 10–4–706, *at the option of the named insured:*
>
> (I) *Compensation of all expenses of the type described in section 10–4–706(1)(b) without dollar or time limitations;* or
>
> (II) *Compensation of all expenses of the type described in section 10–4–706(1)(b) without dollar or time limitations and payment of benefits equivalent to eighty-five percent of loss of gross income per week* from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident *without dollar or time limitations.* (emphasis added)

Thus, § 10–4–706(1) sets forth the minimum coverage necessary for a complying policy, while § 10–4–710(2)(a) refers to optional supplemental coverage which must be offered in exchange for a higher premium. *See Colby v. Progressive Casualty Insurance Co.,* 908 P.2d 1170 (Colo.App.1995) (*cert. granted* Jan. 8, 1996).

■ Here, Budget does not dispute that it was an insurer with respect to its rental agreement with the driver of the car and that the agreement constitutes an insurance policy for purposes of § 10–4–710(2)(a). *See Passamano v. Travelers Indemnity Co.,* 882 P.2d 1312 (Colo.1994). Further, Budget does not deny that it failed to offer the driver unlimited PIP and loss of income benefits pursuant to § 10–4–710(2)(a). It contends, however, that the trial court erred in reforming the rental agreement to incorporate this coverage because the contracting parties intended to include only basic, minimal benefits. Relying on an affidavit of the driver, obtained after this action was filed, Budget asserts that the driver, as the primary insured, would have refused the supplemental

coverage had it been offered. We perceive no error in the trial court's ruling.

■ Generally, the purpose of reformation of an insurance contract is to make the policy express the true intent of the parties. However, when a policy is violative of a statute, reformation is also required to assure that coverage will meet the statutory minimums. 17 M. Rhodes, *Couch on Insurance* § 66:3 (2d ed. 1984).

■ When an insurer fails to offer the insured optional coverage that it is statutorily required to offer, additional coverage in conformity with the required offer is incorporated into the agreement by operation of law. *See Passamano v. Travelers Indemnity Co., supra. See also Ross v. United Services Automobile Ass'n,* 320 Ark. 604, 899 S.W.2d 53 (1995); *Insurance Co. of North America v. Santa Cruz,* 166 Ariz. 82, 800 P.2d 585 (1990); *Moon v. Guarantee Insurance Co.,* 764 P.2d 1331 (Okl.1988); *Bias v. Nationwide Mutual Insurance Co.,* 179 W.Va. 125, 365 S.E.2d 789 (1987).

■ Here, because Budget did not offer supplemental no-fault coverage as required by § 10–4–710(2)(a), we conclude that such coverage was automatically incorporated into the agreement. We further conclude that the driver's after-the-fact statement that he would have refused the additional coverage if it had been offered does not require a different result. As the Minnesota Supreme Court stressed in *Kuchenmeister v. Illinois Farmers Insurance Co.,* 310 N.W.2d 86, 88 (Minn.1981):

> The insurer has no right to a jury trial to determine whether the insured would have purchased the coverage. Not only would that determination be too speculative, it would allow insurers to circumvent the intent of the legislature.

*See also Blizzard v. State Farm Automobile Insurance Co.,* 86 Or.App. 56, 738 P.2d 983 (1987).

Budget's reliance on *Colby v. Progressive Casualty Insurance Co., supra,* is misplaced. In that case, a division of this court held that an insurer's payment of $50,000 in rehabilitation benefits satisfied the requirements of § 10–4–706(1)(c), C.R.S. (1994 Repl.Vol. 4A)

of the No–Fault Act and, thus, § 10–4–710, C.R.S. (1994 Repl.Vol. 4A) was inapplicable. The case did not involve an insurer's failure to offer additional no-fault coverage and therefore sheds little, if any, light on the issue before us.

We also disagree with Budget's assertion that *Passamano v. Travelers Indemnity Co., supra,* and other cases relied upon by plaintiffs are distinguishable because uninsured motorist coverage and no-fault insurance serve different purposes.

The purpose of the uninsured motorist coverage is to compensate insureds for losses caused by negligent and financially irresponsible motorists. *Briggs v. American Family Mutual Insurance Co.,* 833 P.2d 859 (Colo. App.1992). Similarly, the General Assembly enacted the No Fault Act in order to "avoid inadequate compensation to victims of automobile accidents." Section 10–4–702, C.R.S. (1994 Repl.Vol. 4A).

Given that the purpose of both statutes is to ensure adequate compensation for persons injured in car accidents, we reject defendant's contention that reformation of a contract to add the additional coverage is inappropriate when an insurer fails to offer no-fault coverage, as opposed to uninsured motorist coverage.

We thus find no error in the trial court's reformation of the rental agreement to include PIP medical and loss of income benefits without dollar or time limitation.

## IV.

Finally, Budget contends that the trial court erred in not placing a $200,000 cap on Budget's total obligation, pursuant to § 10–4–710(2)(b), C.R.S. (1994 Rep. Vol. 4A). Again, we disagree.

Section 10–4–710(2)(b) provides, in pertinent part:

A complying policy may provide that all benefits set forth in section 10–4–706(1)(b) to (1)(e) and in this section are subject to an aggregate limit of two hundred thousand dollars payable on account of injury to or death of any one person as a result of any one accident arising out of the use or operation of a motor vehicle.

Here, Budget could have included in its rental agreement a provision for a $200,000 cap for all benefits. It did not do so, however, and therefore, plaintiffs' benefits are not subject to such a limitation. Accordingly, the trial court correctly ruled that the $200,000 cap did not apply.

The judgment is affirmed.

HUME and ROTHENBERG, JJ., concur.