**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RONALD A. PETERSON,

      Plaintiff-Counter-Defendant,

v.

HOME INSURANCE COMPANY OF INDIANA,
a/k/a The Home Insurance Companies,

      Defendant,

COREGIS INSURANCE ORGANIZATIONS
a/k/a Coregis Insurance Company,

      Defendant-Counter-Claimant-Appellee,

v.

JANE McMAHON, in her capacity as Successor
Trustee of the Edward Sklar Trust,

      Defendant-Cross-Defendant-Appellant.

No. 03-1186
(D.C. No. 01-MK-1626)
(D. Colo.)

---

RONALD A. PETERSON,

      Plaintiff-Counter-Defendant-Appellant,

v.

HOME INSURANCE COMPANY OF INDIANA,
a/k/a The Home Insurance Companies,

      Defendant,

No. 03-1194
(D.C. No. 01-MK-1626)
(D. Colo.)

COREGIS INSURANCE ORGANIZATIONS
a/k/a Coregis Insurance Company,

     Defendant-Counter-Claimant-Appellee,

v.

JANE McMAHON, in her capacity as Successor
Trustee of the Edward Sklar Trust,

     Defendant-Cross-Defendant.

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **BALDOCK** and **LUCERO,** Circuit Judges.

This action arises out of an insurance claim dispute between Ronald A.

Peterson and Coregis Insurance Company (Coregis) regarding the alleged duty of

Coregis to defend and indemnify Mr. Peterson in an underlying malpractice action

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

filed against him by Jane F. McMahon, in her capacity as trustee.[1]  Coregis filed a

counterclaim against Mr. Peterson and a cross-complaint against Jane F.

McMahon seeking a declaratory judgment that it had no duty to defend or

indemnify Mr. Peterson.  Mr. Peterson contended the claims-made insurance

policies issued to him by Coregis should be reformed into occurrence policies in

light of Coregis' alleged failure to comply with Colorado law regulating such

policies.  The district court granted summary judgment to Coregis.  Mr. Peterson

and Ms. McMahon appeal.  We review *de novo* the district court's summary

judgment ruling, *see Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir.

2004), and affirm.[2]

Mr. Peterson, an attorney, obtained a series of professional liability

insurance policies from Coregis with policy periods dating from January 1, 1995

to January 1, 1998.  The insurance contracts were claims-made policies under

which coverage was only provided against claims made and reported during the

---

[1]The Home Insurance Company of Indiana, a named party in this action, did not appear in the district court and is not before us on appeal.

[2]Coregis contends Ms. McMahon waived her right to appeal by not filing objections to the magistrate judge's proposed findings and recommendations.  In light of our affirmance of the district court's ruling, we need not address this issue.  Mr. Peterson's failure before our court makes Ms. McMahon's joint appeal moot.

policy period, regardless of when the events giving rise to the claims took place. *Ballow v. Phico Ins. Co.*, 875 P.2d 1354, 1357 (Colo. 1993); *St. Paul Fire & Marine Ins. Co. v. Estate of Hunt*, 811 P.2d 432, 434-35 (Colo. App. 1991).[3]

In July 1999, Mr. Peterson was sued by Ms. McMahon for his negligent handling of assets in a trust, resulting in a judgment against him for $287,762. Coregis denied coverage because Mr. Peterson's last claims-made policy had expired eighteen months prior to his reporting of the McMahon claim. Recognizing the problem, Mr. Peterson brought the instant action against Coregis, contending the claims-made policies were issued in violation of Colorado law, specifically COLO. REV. STAT. § 10-4-419.[4]  In light of this alleged violation, Mr.

---

[3]In contrast, an occurrence policy is one in which coverage is provided for events that occur during the policy period, even though a claim may not be made or reported until some time after the policy period has expired. *Ballow v. Phico Ins. Co.*, 875 P.2d 1354, 1357 (Colo. 1993); *St. Paul Fire & Marine Ins. Co. v. Estate of Hunt*, 811 P.2d 432, 434 (Colo. App. 1991).

[4]Section 10-4-419 details, in part, statutory requirements for what must appear in claims-made insurance policy forms.  *See* COLO. REV. STAT. § 10-4-419. Mr. Peterson asserts the Coregis forms did not comply with several requirements laid out in the statute, including the forms' failure to define for the insured "the nature of the risks or exposures to be insured on the claims-made policy," § 10-4-419(2)(a); failure to contain a "clear and adequate disclosure" to alert the insured that the policy was a claims-made policy, and how such a policy differs from an occurrence policy, § 10-4-419(2)(b)(I); failure to include "[a] statement of the renewal provisions including any reservation by the insurer of a right to change premiums," § 10-4-419(2)(b)(II)(C); failure to clearly define "events and

-4-

Peterson maintained the policies should be reformed into occurrence policies, thereby providing coverage for the McMahon claim.

Coregis refused to concede "that the policies issued did not fully comport with the statute," Aplt. App. at 238, and the court did not make a finding otherwise. It was Coregis' position that even "assuming *arguendo* that the Coregis policies varied in some respects from the Colorado regulatory code and statutes," the appropriate remedy would be one other than that sought by Mr. Peterson. *Id.* at 236; Aple. Br. at 3-4.

We agree with the district court that the remedy Mr. Peterson seeks is inappropriate. We have found nothing to support Mr. Peterson's argument that in light of the alleged statutory violations, these claims-made policies should be altered into an entirely different type of insurance contract. Rather, Colorado law indicates that the purpose of reformation is to make certain the policies reflect the

conditions which trigger coverage" and "how a claim is deemed to be made or is deemed made," § 10-4-419(2)(c); failure to acknowledge "by signature on the written endorsement, any exclusionary endorsement which excludes coverage in a renewal period for claims from certain known occurrences, events, products, or locations," § 10-4-419(2)(f); and failure to comply with other notice provisions laid out in the statute, § 10-4-419(2)(e). [Aplt. Br. at 8-9.] Mr. Peterson also contends Coregis failed to comply with the statute by not making the appropriate certifications to the Colorado Commissioner of Insurance, as required by § 10-4-419(1) and (7). [*Id.* at 9.]

-5-

"true intent of the parties," *Clark v. State Farm Mutual Auto. Ins. Co.*, 319 F.3d 1234, 1241 (10th Cir. 2003), and that, should a statutory violation exist, the policies be reformed "to ensure that coverage meets the statutory requirements." *Id.* (citing *Thompson v. Budget Rent-A-Car Sys., Inc.*, 940 P.2d 987, 990 (Colo. App. 1996)); *see also Aetna Cas. & Sur. Co. v. McMichael*, 906 P.2d 92, 101 (Colo. 1995) (noting that where insurance policy violates statutory mandated coverage requirements, missing terms should be read into policy).

In *Clark* and *Thompson*, statutes dictated that certain types of supplemental coverage be offered to insureds. *Clark*, 319 F.3d at 1237-38; *Thompson*, 940 P.2d at 989-90. Because the coverage was not offered nor expressly waived by the insureds, the courts required the coverage terms mandated by statute to be read into the contracts. *See Clark*, 319 F.3d at 1241-42; *Thompson*, 940 P.2d at 990-91. As a result, the plaintiffs in both cases were able to obtain insurance benefits previously denied to them because of the faulty policies. By inserting the missing statutory terms, however, the courts did not completely rewrite the policies or transform them into entirely different contracts. Rather, they merely ensured that the policies contained the terms which could have been included had the insurers made the statutorily mandated offer of supplemental coverage to their insureds. Relying on *Clark* and *Thompson*, Mr. Peterson reasons that because the

reformation of the insurance policies in those cases resulted in the insureds'

ability to obtain coverage, so too should his allegedly faulty policies be

reconfigured to allow him coverage for the McMahon claim. We are not

persuaded.

To reform the policies in the manner advocated by Mr. Peterson would not

"express the true intent of the parties." *Clark*, 319 F.3d at 1241. Mr. Peterson

presented no evidence to support an argument that when he obtained the insurance

policies from Coregis, he intended to purchase something other than claims-made

policies. When Mr. Peterson filled out the application form to acquire insurance

from Coregis, the form's language explicitly indicated that the insurance policies

for which Mr. Peterson was applying were claims-made policies. Aplt. App. at

96. Likewise, language on the first page of Mr. Peterson's insurance policies

stated in bold capital letters that "[t]his is a claims-made and reported policy.

Except as may be otherwise provided herein, this coverage is limited to liability

for only those claims which are first made against the named insured and reported

to the company while the policy is in force." *Id.* at 82. Additional language in

the policy also stated

> The Company will pay on behalf of any INSURED those sums in
> excess of the deductible which any INSURED becomes legally
> obligated to pay as DAMAGES as a result of CLAIMS first made

-7-

against any INSURED during the POLICY PERIOD and reported to the Company in writing during the POLICY PERIOD or within sixty (60) days thereafter . . . .

*Id.* at 84.

Moreover, Mr. Peterson acknowledged to the district court that based on his own reading of the policies, he understood them to be of a claims-made nature. *Id*. at 224-25. He also acknowledged that when the last policy was canceled, he knew he would need to obtain new insurance. *Id.* at 225.

Nor did Mr. Peterson present evidence that Coregis was required to, or even did, offer occurrence policies. Thus, this case is not like *Clark* and *Thompson*, where the insurance company failed to offer statutorily mandated coverage.

To change the policies from claims-made to occurrence would "alter a basic term of the insurance contract which expresses the parties' agreement." *St. Paul Fire & Marine Ins., Co.*, 811 P.2d at 435. As we noted above, under a claims-made policy, claims

> must be made and reported within the policy period. It is exactly this aspect of a claims made policy that distinguishes it from an occurrence policy. Claims made policies, unlike occurrence policies, are designed to limit liability to a fixed period of time. To allow coverage beyond that period would be to grant the insured more coverage than he bargained for and paid for, and to require the insurer to provide coverage for risks not assumed.

*United States v. Strip*, 868 F.2d 181, 187 (6th Cir. 1989). We have no authority

to rewrite the parties' insurance policies in such a manner. *See Ballow v. Phico Ins. Co.*, 878 P.2d 672, 680 (Colo. 1994) ("A court may not make a contract for the parties and then order it to be specifically performed.").

In sum, following the guidance provided by *Clark* and *Thompson*, we conclude that the only relief Mr. Peterson is entitled to receive consists of inserting into his now expired policies the allegedly missing information, endorsements, and disclosures required by § 10-4-419, relief which Mr. Peterson does not seek.[5] We therefore **AFFIRM** the district court's entry of summary judgment in favor of Coregis.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[5]We are not in a position to address whether the Coregis policies complied with COLO. REV. STAT. § 10-4-419. We note, however, that under § 10-4-418 an insurance company whose policy forms do not comply with statutory requirements, may have its certificates of authority suspended or revoked after a finding by the Commissioner of Insurance of its willful failure to comply with the law.