**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVEN R. JOHNSON,

        Plaintiff-Appellant,

  v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, an Illinois corporation,

        Defendant-Appellee.

No. 04-1550
(D.C. No. 02-MK-2252 (OES))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **ANDERSON** , and **BRORBY** , Circuit Judges.

      Steven R. Johnson, a passenger injured in a motor vehicle accident, sued

State Farm Mutual Automobile Insurance Company, which insured the owners of

the automobile in which he was riding.  Alleging that State Farm had failed to

comply with a Colorado statute requiring insurance companies to offer

---

\*    The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

policyholders enhanced personal injury protection ("PIP"), Johnson, as a covered person under the policy, sought reformation of the insurance contract to include enhanced PIP benefits and payment of such benefits under the reformed contract. See Thompson v. Budget Rent-A-Car Sys., Inc., 940 P.2d 987, 989 (Colo. App. 1996) (injured passenger can sue to reform insurance contract if the contract does not comply with the statutory rule that insurers must offer enhanced PIP coverage). He now appeals from the district court's grant of summary judgment in favor of State Farm. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM**.

Johnson's accident occurred on September 8, 1998, in an automobile driven by Luke Wright with permission of the owners, George and Mimah Singh. Johnson sought reimbursement for his medical expenses through State Farm, the Singhs' insurer. By July 2001, he had exhausted the basic PIP benefits provided under the Singhs' policy.

At the time the Singhs purchased their policy, Colorado law required motor vehicle owners to maintain minimum insurance coverage on their vehicles, including no-fault PIP coverage. Colo. Rev. Stat. § 10-04-705; Brennan v. Farmers Alliance Mut. Ins. Co., 961 P.2d 550, 552 (Colo. App. 1998). [1] The

_____

[1] The Colorado Auto Accident Reparations Act was codified in Colo. Rev. Stat. §§ 10-4-701 to 10-4-726, and repealed by Laws 1997, H.B. 97-1209, § 8,

(continued...)

-2-

mandatory minimum PIP coverage provided for amounts to be paid for reasonable and necessary medical care, rehabilitative care, lost wages, and death benefits in the event of an accident, without regard to fault. Colo. Rev. Stat. § 10-04-706(1). Also, under Colo. Rev. Stat. § 10-4-710(2)(a), insurers were required "to offer the named insured extended PIP benefits in exchange for higher premiums. These extended PIP benefits do not place time or dollar limitations on medical expense claims . . . ." Clark v. State Farm Mut. Auto. Ins. Co., 319 F.3d 1234, 1238 (10th Cir. 2003) (citations omitted).

Johnson's complaint alleged that State Farm had failed to offer enhanced PIP benefits to the Singhs in accordance with section 710(2)(a). The parties filed cross-motions for summary judgment on this issue. In support of its motion, State Farm produced an affidavit from Jill Camp, the licensed staff agent who had met personally with George Singh. The affidavit stated that Camp did not specifically recall her contact with Singh, but provided evidence of her usual practices with regard to offering enhanced PIP coverage.[2]

---

[1](...continued)
effective July 1, 2003. See Colo. Rev. Stat. § 10-4-726 (effective July 1, 2003).

[2]     State Farm also provided deposition testimony on the regular business practices of Ken Wilyard, the independent contract agent who had instructed Camp to conduct a meeting with the Singhs. Because Wilyard admitted that he had not met with the Singhs himself, the district court disregarded his testimony. State Farm makes no showing that the district's evidentiary decision amounted to an abuse of discretion. See Sports Racing Servs., Inc. v. Sports Car Club of Am.,

(continued...)

Johnson could not locate the Singhs and therefore lacked any firsthand knowledge of their discussions with State Farm representatives. Johnson did not attempt to contradict Camp's affidavit. Rather, he questioned the legal effect of the information she provided to the Singhs.

The district court determined that State Farm's evidence was sufficient to demonstrate that it had offered enhanced PIP benefits in compliance with section 710(2)(a). It therefore denied Johnson's motion for summary judgment and granted State Farm's motion. Johnson now appeals the district court's entry of judgment in favor of State Farm.

"We review a grant of summary judgment de novo, applying the same standard as the district court." McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Under Fed. R. Civ. P. 56(c), summary judgment should be entered by the district court "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

---

[2](...continued)
Inc., 131 F.3d 874, 894 (10th Cir. 1997) (reviewing a district court's decision to exclude evidence at the summary judgment stage for abuse of discretion). Therefore, we do not credit Wilyard's testimony on appeal.

On appeal, the parties agree that State Farm would bear the ultimate burden of persuasion at trial. Thus, State Farm is required to "support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986). "Such an affirmative showing shifts the burden of production to the party opposing the motion and requires that party . . . to produce evidentiary materials that demonstrate the existence of a 'genuine fact' for trial." Id. at 331.

In analyzing "the nature and scope of an insurer's duty" under a similar provision of Colorado insurance law, the Colorado Supreme Court determined that the insurer must perform its duty of notification "in a manner reasonably calculated to permit the [insured] to make an informed decision on whether to purchase . . . coverage higher than the minimum statutory liability limits." Allstate Ins. Co. v. Parfrey, 830 P.2d 905, 913 (Colo. 1992) (discussing Colo. Rev. Stat. § 10-4-609(b)(2), which requires the insurer to offer higher than the statutory minimum in uninsured or underinsured motorist coverage).[3] Parfrey explained the proper test for analyzing whether an insurer performed its duty of notification:

---

[3]    In its appeal brief, State Farm advocates against the application of the Parfrey test and argues for a test that simply requires it to meet a "make available" requirement. There is no indication in the record that this argument was presented to the district court. Accordingly, it has not been taken into consideration in our resolution of this appeal. See In re Walker, 959 F.2d 894, 896 (10th Cir. 1992) (stating that ordinarily this court does not consider arguments made for the first time on appeal).

> In determining whether an insurer has fulfilled its statutory duty, a court may appropriately consider such factors as the clarity with which the purpose of . . . coverage was explained to the insured, whether the explanation was made orally or in writing, the specificity of the options made known to the insured, the price at which the different levels of . . . coverage could be purchased, and any other circumstances bearing on the adequacy and clarity of the notification and offer.

Id. at 913. "In the final analysis," the sufficiency of the offer "must be resolved under the totality of circumstances." Id. at 914.

Camp's affidavit indicates that she had a face-to-face meeting with George Singh to review his coverage. Without specifically describing their discussion, she related her customs and practices for review meetings. During such meetings, she made policyholders aware of higher PIP limits, using a brochure she attached to her affidavit. The brochure provided a short explanation of PIP benefits, along with a chart showing the varying levels of available PIP coverage. Camp also routinely told policyholders that PIP covered both policyholders and passengers.

Johnson argues on appeal that, under the Parfrey test, State Farm's evidence was insufficient to show an adequate offer of enhanced PIP benefits. Specifically, he asserts that Camp's affidavit does not provide evidence that State Farm met two of the Parfrey factors: (1) clear advice on the purpose of additional PIP coverage and (2) the cost of such coverage. The district court dismissed these arguments, stating:

> No doubt . . . the Defendant could have presented more information to the Singhs concerning the costs and benefits of enhanced PIP coverage. However, the Parfrey analysis does not require an insurer to thoroughly address all of the conceivable situations in which enhanced PIP coverage might be desirable. Rather the law merely requires that the insured b[e] given enough information to advise the insured of the availability of coverage and permit a reasonably informed decision on whether to purchase it.

The sample brochure describes the purpose of PIP coverage. Further, the parties met in person, affording Singh the opportunity to ask Camp questions about the policy. See Parfrey, 830 P.2d at 914 n.5 (noting that most courts examining the issue have found face-to-face negotiations to be particularly compelling evidence). Although the lack of a discussion of the price of enhanced PIP insurance is an important factor under the Parfrey analysis, State Farm's failure to inform Singh about the specific cost does not in itself render the offer commercially unreasonable. In a totality of the circumstances analysis, "[n]o single factor is conclusive." Lambertsen v. Utah Dep't. of Corr., 79 F.3d 1024, 1028 (10th Cir. 1996). The evidence of a face-to-face meeting where Singh received a pamphlet explaining the different levels of PIP coverage is sufficient. Had Singh been at all interested in purchasing enhanced PIP coverage after it was explained to him by Camp, it would have been easy for him to determine the price at which he could purchase the coverage. Under the totality of circumstances, Camp's affidavit demonstrates that State Farm made a commercially reasonable offer of enhanced PIP benefits to the Singhs.

Thus, the burden shifted to Johnson to produce evidence demonstrating the existence of a material fact for trial.  Because Johnson did not come forward with any evidence contradicting State Farm's factual position, the district court properly granted State Farm's summary judgment motion.

The judgment of the district court is     **AFFIRMED** .

Entered for the Court

Carlos F. Lucero
Circuit Judge