**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NINA JOHNSON, on behalf of herself
and all others similarly situated,

Plaintiff-Appellant,

v.

HARTFORD UNDERWRITERS
INSURANCE COMPANY, a
Connecticut Corporation; HARTFORD
PROPERTY AND CASUALTY
INSURANCE COMPANY, a
Connecticut Corporation; THE
HARTFORD FINANCIAL
SERVICES GROUP, INC., a
Connecticut corporation,

Defendants-Appellees.

No. 05-1442
(D.C. No. 04-RB-196 (MJW))
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* FED. R. APP. P. 34(f); 10TH CIR. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with FED. R. APP. P. 32.1 and 10TH CIR. R. 32.1.

Nina Johnson was injured in an automobile accident in 1998 and received approximately $100,000 in personal injury protection (PIP) benefits under an insurance policy issued to her by the defendants (collectively, Hartford). She brought this action seeking reformation of the policy and additional benefits on the ground that Hartford's offer of additional PIP (APIP) coverage, which Ms. Johnson declined to purchase, did not comply with Colorado law. *See Thompson v. Budget Rent-A-Car Sys. Inc.*, 940 P.2d 987, 990 (Colo. Ct. App. 1996) (explaining that "[w]hen an insurer fails to offer the insured optional coverage that it is statutorily required to offer, additional coverage in conformity with the required offer is incorporated into the agreement by operation of law").[1] She also raised a variety of other claims dependent on the reformation claim. The district court granted summary judgment in favor of Hartford, as modified in its denial of Ms. Johnson's motion for relief under FED. R. CIV. P. 59(e), and Ms. Johnson appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[1] Although we apply the substantive law of the forum state, Colorado, in this diversity case, federal law governs our review of the propriety of the district court's grant of summary judgment, which we review *de novo* under the same standard as applicable in the district court. *See Hill v. Allstate Ins. Co.*, 479 F.3d 735, 739-40 (10th Cir. 2007). "Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.* at 740 (quoting FED. R. CIV. P. 56(c)) (further quotation omitted).

Hartford issued Ms. Johnson's policy on May 28, 1992. At the time, the

Colorado Auto Accident Reparations Act, COLO. REV. STAT. §§ 10-4-701 to

10-4-726 (2003) (repealed July 1, 2003) (No-Fault Act), required insurers to

provide certain minimum or "basic" PIP benefits, regardless of fault, to persons

injured in accidents involving the insured vehicle, *see* COLO. REV. STAT.

§ 10-4-706 (1991), and to offer for purchase certain optional APIP benefits. *See*

*id.*, § 10-4-710 (1991). Effective July 1, 1992, an amendment to the No-Fault Act

took effect that, in relevant part, changed the optional APIP coverages an insurer

was required to offer. As pertinent here, the amended statute provided:

> (2)(a) Every insurer *shall offer* for inclusion in a complying
> policy, in addition to the [basic PIP] coverages described in section
> 10-4-706, at the option of the named insured:
>
>> (I) Compensation of all [medical] expenses . . . without
>> dollar or time limitation; or
>>
>> (II) Compensation of all [medical] expenses . . .
>> without dollar or time limitations and payment of
>> benefits equivalent to eighty-five percent of loss of
>> gross income per week from work the injured person
>> would have performed had such injured person not been
>> injured during the period commencing on the day after
>> the date of the accident without dollar or time
>> limitations.
>>
>> (III) Deleted by Laws 1992, H.B. 92-1175, § 2, eff.
>> April 10, 1992.
>
> (b) A complying policy may provide that all benefits set forth in
> section 10-4-706(1)(b) to (1)(e) and in this section are subject to an
> aggregate limit of two hundred thousand dollars payable on account

of injury to or death of any one person as a result of any one accident arising out of the use or operation of a motor vehicle.

COLO. REV. STAT. § 10-4-710(2) (1992) (emphasis added). The requirements of § 710(2) applied only "to policies issued on or after July 1, 1992." *Id.*, § 10-4-710(4) (1992).

After the amendment took effect, Hartford sent Ms. Johnson two documents, an "Important Notice: Personal Injury Protection (No-Fault) Coverage Changes" (Important Notice) and a "PIP Option/Work Loss Rejection Form" (PIP Option Form). Hartford maintains that these documents fulfilled its statutory obligation to offer APIP coverage. Ms. Johnson disagrees. We will examine the content of these two documents in the context of each of Ms. Johnson's preserved arguments. Initially, however, we address several preliminary matters.

First, Hartford contends the amended APIP requirements apply only to new policies issued after July 1, 1992, not to its annual renewals of Ms. Johnson's policy. Ms. Johnson contends Hartford waived this point by not raising it in the district court. We need not decide either issue because even assuming the amended APIP requirements applied to the renewals, our disposition still favors Hartford.

Second, Ms. Johnson contends that specimen policies Hartford used from May 1992 until March 2002 were not compliant in certain respects with amended

§ 710, and therefore Hartford could not have offered her statutorily compliant APIP coverage. The focus of our examination in this case, however, is not on the language of the specimen policies, but on the offer of APIP coverage Hartford made to Ms. Johnson. An insurer's statutory duty is to *offer* APIP coverage, and it can discharge that duty even after a policy is issued. *See Allstate Ins. Co. v. Parfrey*, 830 P.2d 905, 912 (Colo. 1992) (en banc) (insurer can fulfill its continuing statutory obligation to offer additional uninsured/underinsured motorist coverage after issuance of policy); *see also Hill*, 479 F.3d at 742 (applying *Parfrey* in APIP-offer context); *Padhiar v. State Farm Mut. Auto. Ins. Co.*, 479 F.3d 727, 733 (10th Cir. 2007) (same). None of the cases Ms. Johnson cites persuades us otherwise. For this same reason, we reject her contention that because the Important Notice and the PIP Option Form were not endorsements to her policy, they could not cure the allegedly noncompliant description of Hartford's APIP coverage set forth in the policies. Similarly, we need not examine whether the district court impermissibly considered Ms. Johnson's lack of reliance on the policy language in deciding not to purchase APIP coverage when it concluded that any deficiency in the policy was irrelevant.[2]

---

[2]    A third preliminary matter need not detain us long. Hartford points out, and Ms. Johnson does not appear to dispute, that in its order denying Ms. Johnson's Rule 59(e) motion and modifying its order granting summary judgment to Hartford, the district court erroneously applied the amended version of § 710(2). In so doing, it concluded that the offer of APIP coverage Hartford made in the application for the original policy issued to Ms. Johnson on May 28,

(continued...)

We now turn to the pivotal consideration, whether the Important Notice and the PIP Option Form fulfilled Hartford's statutory obligation to offer APIP coverage to Ms. Johnson. We apply a "totality of the circumstances" test to determine whether Hartford fulfilled its duty of notification and offer "in a manner reasonably calculated to permit the potential purchaser to make an informed decision." *Parfrey*, 830 P.2d at 913, 914. Relevant factors include the clarity and the form (oral or written) of the explanation, the specificity of the APIP options, and whether pricing information was conveyed. *See id* at 913. As we recently summarized, the No-Fault Act "merely required that the insured be given enough information to advise the insured of the availability of [the APIP] coverage and permit a reasonably informed decision on whether to purchase it." *Hill*, 479 F.3d at 742-43 (quotation and brackets omitted).

Ms. Johnson's general contention is that the Important Notice and the PIP Option Form both contained inaccuracies about basic PIP and APIP coverage that raised a jury question as to whether she could make a reasonably informed decision about purchasing APIP coverage. Specifically, she argues, and Hartford concedes, that the Important Notice incorrectly described the basic PIP benefits as being subject to a total combined limit of $50,000 rather than the higher limit

[2](...continued)
1992, failed to comply with Colorado law because it bundled an extended work-loss benefit with an essential-services benefit. We have reviewed the statutory scheme, and Hartford's assertion of error appears correct. Because the error did not affect the district court's disposition, however, it was harmless.

prescribed by § 10-4-706(1) (1992), which the parties state was approximately $130,000. But the only reasonable inference to be drawn here is that a person contemplating the APIP offer may have been *more* likely to purchase APIP coverage given the erroneous representation that basic PIP coverage provided a less generous benefit than required by statute.[3]

Ms. Johnson next contends the Important Notice did not make clear that there was no time limit on payment of work-loss benefits under "Option 2." We disagree. The first page of the Important Notice stated that the extended work-loss benefit covered by Option 2 "includes work loss benefits beyond the 52 weeks following an accident." Aplt. App., Vol. I at 193. The "Added PIP Medical *and Work Loss Benefit*," *id.* at 194 (emphasis added), provided by Option 2 was further described on page two of the Important Notice as subject to "[a] combined total limit of $200,000, *with no time limit*." *Id.* at 194 (emphasis added). And while Ms. Johnson is correct that the PIP Option Form did not provide a similar explanation that the work-loss benefit was not limited in time, the explanation in the Important Notice was sufficiently clear in and of itself.

Ms. Johnson also contends that a portion of the language on page two of the Important Notice quoted above, that Option 2 is subject to "[a] combined total limit of $200,000," *id.*, does not make clear that the limit is per-person,

---

[3]    We note Ms. Johnson's policy contained statutorily compliant basic PIP coverage and Hartford paid her all the basic PIP benefits to which she was entitled.

per-accident, as directed by § 710(2)(b). Assuming the specific language Ms. Johnson advocates is required under the No-Fault Act, we conclude that the Important Notice and the PIP Option Form sufficiently informed her of the nature of the limit. The PIP Option Form specifically states that each of the two APIP options is "subject to a combined total limit of $200,000 *per person*." Aplt. App., Vol. I at 196 (emphasis added). Repeated references to "an accident" in the Important Notice make clear that the monetary cap applies per accident. *See id.* at 193-94.[4]

Based on the totality of the circumstances, we conclude there is no genuine issue of material fact as to whether Hartford gave Ms. Johnson enough information to advise her of the availability of APIP coverage and whether the information permitted her to make a reasonably informed purchase decision. Therefore, the judgment of the district court is AFFIRMED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[4]    Although Ms. Johnson argues that several other specific aspects of the Important Notice and the PIP Option Form did not comply with amended § 710, she did not present those specific points to the district court. Therefore, they are waived. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721-22 (10th Cir. 1993) (explaining that theories raised in the district court do not preserve review of related theories). In any event, we find these arguments meritless.