Larry POLLARD, Plaintiff–Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Defendant–Appellee.

No. 07CA0013.

Colorado Court of Appeals, Div. IV.

May 15, 2008.

Certiorari Denied Feb. 2, 2009.

§ 24–51–1105, C.R.S.2007.

Lloyd C. Kordick & Associates, Lloyd C. Kordick, Colorado Springs, Colorado, for Plaintiff–Appellant.

Cain & Hayter, LLP, Craig W. Cain, Debra P. Deree, Colorado Springs, Colorado, for Defendant–Appellee.

Opinion by Judge TERRY.

In this automobile insurance coverage action, we consider whether an insurer had a duty to offer enhanced benefits coverage to its insured, and conclude that it did not. Although our analysis deals primarily with provisions of the Colorado Auto Accident Reparations Act (No–Fault Act) that have since been repealed, we also consider other sources that might create such a duty.

Plaintiff, Larry Pollard, appeals the trial court's grant of summary judgment in favor of defendant, State Farm Mutual Automobile Insurance Company, and the dismissal of his complaint. We affirm.

## I.

The trial court, in deciding the summary judgment motion, assumed the following facts, which are supported by the record. While plaintiff was living in Indiana, he purchased automobile insurance from State Farm in May 2002. In July or August 2002, plaintiff's mother visited the office of State Farm's local agent, informed the agent that plaintiff would be moving to Colorado, and provided the agent with a Colorado post office box address for plaintiff. Plaintiff moved to Colorado in August 2002.

In September 2002, plaintiff was involved in a serious automobile accident in Colorado. Because the accident took place in Colorado, State Farm relied on the "out of state" coverage provisions of the policy to pay plaintiff for uninsured motorist coverage, as well as the minimum coverage required under the personal injury protection (PIP) provisions of the No–Fault Act then in effect. Ch. 94, sec. 1, § 13–25–1, et seq., 1973 Colo. Sess. Laws 334 (formerly codified as amended at § 10–4–701, et seq.; repealed effective July 1, 2003, Ch. 189, sec. 1, § 10–4–726, 2002 Colo. Sess. Laws 649).

Plaintiff filed this action against State Farm, alleging that, in addition to the minimum statutory PIP benefits, he was entitled to enhanced PIP coverage because State Farm failed to offer him such coverage as required under former section 10–4–710(2). He contended that State Farm had a duty to offer him enhanced PIP coverage because it was on notice through its agent of his move to Colorado. He also asserted claims for bad faith breach of insurance contract and outrageous conduct.

The trial court granted State Farm's motion for summary judgment, holding that it did not have a duty to offer plaintiff enhanced PIP coverage because he did not seek automobile insurance coverage from State Farm after his move to Colorado.

## II.

Plaintiff contends the trial erred when it granted summary judgment in favor of State Farm. We disagree.

■ We review a ruling on a motion for summary judgment de novo. *Keyah Grande, LLC v. Colorado Dep't of Agriculture*, 159 P.3d 727, 728 (Colo.App.2006).

### A.

■ According to plaintiff, the duty to provide him with enhanced PIP benefits derived from the former section 10-4-710(2)(a)(II). That section required every insurer issuing a "complying policy" to offer such enhanced benefits for an additional premium. *See Munger v. Farmers Ins. Exch.*, 174 P.3d 832, 833-34 (Colo.App.2007) (when insurer fails to offer statutorily mandated optional enhanced PIP coverage, such coverage is deemed incorporated into the policy by operation of law, and policy must be reformed to so reflect). *See also* former § 10-4-703(2) (defining "complying policy" as a policy that provided compulsory coverages).

Setting aside for purposes of this analysis any other source that might create such a duty, we conclude the No-Fault Act in effect at the time did not create a duty on the part of State Farm to issue a "complying policy" to plaintiff.

Former section 10-4-705 specified that every owner of a motor vehicle operated on Colorado public highways was required to have a "complying policy." However, the sole duty imposed by Colorado statute with respect to automobile insurance policies issued outside this state was that set forth in the former section 10-4-711(4)(a), which required only that the insurer provide the minimum PIP coverages. *See Ranger v. Fortune Ins. Co.*, 881 P.2d 394, 395 (Colo.App.1994). That subsection did not require that such policies be "complying policies."

Therefore, the No-Fault Act did not create any duty for an insurer providing insurance through an automobile policy issued outside Colorado to provide enhanced PIP benefits.

### B.

Because the No-Fault Act did not establish a duty to offer enhanced PIP benefits, any such duty must be derived from some other source. Plaintiff has not established any source that would have created a duty as a matter of law to offer such enhanced benefits.

■ Plaintiff argues that State Farm was required to offer enhanced PIP benefits to him because it knew he had moved to Colorado. However, he cites no source that would create a duty to offer such coverage under Colorado law.

The parties have cited no authorities, and we have found no reported cases, that establish what duties an insurer may have, upon learning of its insured's intent to relocate to another state, to inform the insured concerning (1) the possible need to obtain a new policy of insurance in the new state of residence; (2) the need to contact a new insurance agent in the new state; (3) any possible changes in coverages or premiums that might be applicable under the laws of the new state; or (4) the availability of a policy that would comply with the automobile insurance statutes of the new state. We conclude that, because no such duties exist as a matter of law, State Farm was not obligated sua sponte to offer plaintiff a new policy containing enhanced PIP benefits.

■ Plaintiff points to certain language in the agent field manual, to the effect that insureds moving to other states may need new insurance policies; that the coverages under various states' laws may vary considerably; and that insureds should be sent a letter informing them how to contact a State Farm agent in their new location. However, plaintiff did not plead a cause of action based on the manual, nor could he have done so, because he has not shown that he had any knowledge of or reliance on the manual before his accident. *Cf. Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711-12 (Colo. 1987) (employee may be able to enforce termination provisions contained in employee manual under ordinary contract principles if employee can demonstrate that manual constituted an offer and that employee's employment constituted acceptance of and consideration for such procedures).

Indeed, we can find no authority from any jurisdiction that would create, as a matter of law, any of the duties we have identified as items (1) through (4), above.

We are not persuaded by plaintiff's reliance on *Allstate Insurance Co. v. Parfrey,* 830 P.2d 905 (Colo.1992). In that case, the supreme court concluded that the No–Fault Act created a private cause of action against an insurer that failed to offer statutorily required coverages. However, *Parfrey* is inapposite because, unlike here, it did not involve an insured who moved to Colorado with a policy issued in another state. For the same reasons, other cases cited by plaintiff are also inapplicable. *See Thompson v. Budget Rent–A–Car Sys., Inc.,* 940 P.2d 987 (Colo.App.1996); *Ranger v. Fortune Ins. Co.,* 881 P.2d at 394.

### III.

Because of our conclusion that State Farm had no duty to offer enhanced PIP benefits to plaintiff, we conclude the trial court did not err when it dismissed plaintiff's claims for bad faith breach of insurance contract and outrageous conduct, premised on the insurer's failure to provide him with enhanced PIP benefits.

Judgment affirmed.

Judge CASEBOLT and Judge WEBB concur.