**Robert CARDENAS, Plaintiff–Appellant,**

v.

**FINANCIAL INDEMNITY COMPANY, a California Corporation, Defendant–Appellee.**

No. 09CA2315.

Colorado Court of Appeals, Div. I.

Feb. 3, 2011.

Certiorari Dismissed May 24, 2011.

The Carey Law Firm, Robert B. Carey, Frances R. Johnson, Craig R. Valentine, Megan E. Waples, Colorado Springs, Colorado, for Plaintiff–Appellant.

White and Steele, P.C., John M. Lebsack, Keith R. Olivera, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge KAPELKE.*

In this action for reformation of an automobile insurance policy, plaintiff, Robert Cardenas, appeals the trial court judgment entered on a jury verdict against him and in favor of defendant, Financial Indemnity Company (FIC). Cardenas contends that the trial court erred in denying his motion for judgment notwithstanding the verdict, asserting that he was entitled to reformation of the policy as a matter of law because FIC failed to properly offer enhanced PIP benefits as required by the former Colorado Auto Accident Reparations Act (No-Fault Act). We reverse and remand with directions.

## I.  Background

In April 2003, Cardenas was injured in an automobile accident while riding as a passenger in a car driven by a relative's friend, Bobby Suazo, who was insured by FIC. Before the accident, Suazo had purchased a policy that included basic personal injury protection (PIP) benefits in the minimum amount required by the No-Fault Act. Following the accident, FIC paid Cardenas those basic PIP benefits.

Cardenas brought this action to reform the policy to include enhanced PIP benefits up to the policy cap of $200,000, asserting that FIC failed to offer Suazo such benefits, as required under the No-Fault Act. The trial court concluded that the provisions of the insurance policy relating to enhanced PIP benefits did not comply with the No-Fault Act because they did not extend to pedestrians or to passengers, such as Cardenas.

The policy provides that the *basic* PIP coverage extends to any "eligible insured person," a defined term that includes the named insured, relatives, passengers, and pedestrians. In a separate section that describes *enhanced* PIP coverage, however, the policy provides that such coverage extends only to the named insured, his or her spouse, and any family member living in the insured's household.

Cardenas moved for partial summary judgment, maintaining that, as a matter of law, FIC could not have met the requirement under the No-Fault Act to offer enhanced PIP benefits because the policy being offered did not contain compliant benefits. The trial court denied the motion, concluding that, despite the deficiency in the policy language, a reasonable fact finder could determine that FIC's offer of enhanced PIP coverage complied with the No-Fault Act.

At trial, the insurance agent who sold Suazo the policy testified that she described the potential enhanced PIP coverage to him only generally. She stated that it was not her practice to tell the named insureds *who* would be covered for the enhanced PIP benefits and that she did not recall having discussed that matter with Suazo. She said she would only discuss that aspect if the insured asked about it. Further, the forms and visual aids used by the agent in selling the policy did not describe who would be covered under the enhanced PIP coverage provisions.

The jury returned a verdict in favor of FIC. On a special verdict form, the jury answered in the affirmative the following question:

> Under the totality of the circumstances, did Financial Indemnity Company both have the required coverages available and offer those required enhanced PIP coverages in a manner reasonably calculated to permit Mr. Suazo, the named insured, to make an informed decision as to whether to purchase enhanced PIP coverage?

Thereafter, Cardenas moved for judgment notwithstanding the verdict, arguing: (1) that he was entitled to judgment as a matter of law based on the deficient policy language, and (2) that there was insufficient evidence to support the special jury verdict that FIC had made compliant enhanced PIP coverage available. The trial court denied the motion.

## II.  Analysis

Cardenas first contends that he was entitled to reformation of the policy because it

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2010.

does not comply with the No–Fault Act and therefore, as a matter of law, FIC could not have made an offer of compliant coverage as required by the Act. We agree that the policy is non-compliant and must be reformed.

## A. Standard of Review

■ A judgment notwithstanding the verdict is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 59(e)(2). We review de novo a grant or denial of a motion for judgment notwithstanding the verdict. *Marquardt v. Perry,* 200 P.3d 1126, 1128 (Colo.App.2008); *see Moffett v. Life Care Ctrs.,* 187 P.3d 1140, 1143 (Colo.App.2008), *aff'd,* 219 P.3d 1068 (Colo.2009).

## B. Is the Policy Compliant?

At the outset, we address FIC's argument that Cardenas did not preserve this issue for appeal. We conclude that Cardenas properly preserved the issue by raising it in his motion for partial summary judgment and in his motion for judgment notwithstanding the verdict. *See Feiger, Collison & Killmer v. Jones,* 926 P.2d 1244, 1247, 1251 (Colo.1996). We therefore address the merits of his contention.

The No–Fault Act required that a complying policy provide certain mandatory minimum PIP benefits. *Brennan v. Farmers Alliance Mut. Ins. Co.,* 961 P.2d 550, 552–53 (Colo.App.1998). This coverage had to extend to four categories of people: (1) the named insured; (2) resident relatives of the named insured; (3) passengers in the vehicle of the named insured; and (4) pedestrians who are injured by the covered vehicle. *Id.* at 553. The No–Fault Act also required an insurer to offer optional enhanced PIP coverage. Ch. 219, sec. 2, § 10–4–710, 1992 Colo. Sess. Laws 1779; *Thompson v. Budget Rent-A-Car Sys., Inc.,* 940 P.2d 987, 990 (Colo. App.1996). Such enhanced PIP coverage also had to extend to the same four groups of people as required for basic PIP coverage. *Brennan,* 961 P.2d at 554.

■ Where an insurer failed to offer statutorily compliant enhanced PIP coverage, such coverage is deemed incorporated into the policy as a matter of law, and a court should reform the policy to include it. *Munger v. Farmers Ins. Exch.,* 174 P.3d 832, 833–34 (Colo.App.2007); *Thompson,* 940 P.2d at 990.

FIC maintains that its policy complied with the No–Fault Act and, therefore, a trial was appropriate so the jury could consider the totality of the circumstances of the offer. Relying on *Jewett v. American Standard Insurance Co.,* 178 P.3d 1235, 1238–39 (Colo. App.2007), FIC asserts that the policy in this case merely fails to list all the categories of insured parties and thus still complies with the No–Fault Act. We disagree.

In *Jewett,* the insurer's offer listed the four required categories for PIP coverage "immediately before" offering enhanced PIP coverage. The offer did not mention who would be eligible to receive the enhanced PIP benefits. The *Jewett* division held that the only reasonable way to interpret this offer was to conclude that the enhanced PIP protections were available for all four categories and that the insurer had thus met its duty of notification and offer. *Id.*

The *Jewett* division relied on *Hill v. Allstate Insurance Co.,* 479 F.3d 735, 740 (10th Cir.2007), for the general proposition that a failure to list covered categories is not fatal to compliance. *Jewett,* 178 P.3d at 1238. But *Hill* involved a policy that was *silent* as to who was covered for basic and enhanced PIP. *Hill,* 479 F.3d at 740.

■ Here, the policy provides that *basic* PIP coverage extends to any "eligible insured person," a defined term that includes the named insured, relatives, passengers, and pedestrians. As discussed, however, in the section on enhanced PIP coverage, the policy provides that such coverage extends to the named insured and certain relatives and does not mention passengers or pedestrians.

There was no evidence at trial that any statements by the agent selling the policy contradicted this policy language. This policy, unlike the policy in *Jewett,* is not merely

silent as to who is covered for enhanced PIP benefits. The enhanced PIP coverage in this policy expressly mentions only two of the four categories of insureds, which implies that the other two categories (passengers and pedestrians) are excluded.

In *Warren v. Liberty Mutual Fire Insurance Co.*, 555 F.3d 1141 (10th Cir.2009), the Tenth Circuit Court of Appeals recognized this distinction in virtually the same context. In that case, the district court held that the insurer had violated the No–Fault Act where it offered enhanced PIP benefits only to the named insured and "any family member" and did not include passengers or pedestrians, as required by the Act. In distinguishing the facts in the case from those in *Hill*, the court stated:

> We agree with the district court that "although it may be true that an insurer's silence in referencing the persons covered by [the No–Fault Act] does not permit an inference of exclusion, it is certainly true that when an insurer lists some persons covered by [enhanced PIP], those not included on the list are considered excluded."

*Id.* at 1146; *see also Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1241 (10th Cir.2003) ("State Farm did not offer [the named insured] the option of purchasing extended PIP benefits which covered injured pedestrians. Therefore, under *Brennan*, Clark is entitled as a matter of law to reformation of the [insured's] policy to include extended PIP benefits.")

We agree with the analysis in *Warren* and therefore conclude that because FIC's policy here did not extend coverage to passengers and pedestrians, it failed to comply with the Act.

### C. Does the Evidence Support the Jury's Verdict?

■ An offer is sufficient under the No–Fault Act if the insurer notifies the insured of the nature and purpose of the enhanced PIP coverage and offers the insured the opportunity to purchase it. *Allstate Ins. Co. v. Parfrey*, 830 P.2d 905, 912 (Colo.1992) (applying this standard for offers of uninsured/underinsured motorist coverage); *Munger*, 174

P.3d at 834 (adopting the *Parfrey* analysis for offers of enhanced PIP coverage). The *Parfrey* court held that the "extent of specificity" required to discharge the duty of notification and offer is action "reasonably calculated to permit the potential purchaser to make an informed decision" on whether to purchase the coverage. *Parfrey*, 830 P.2d at 913. The insurer must do more than "merely make [the] coverage available." *Id.*

■ In determining whether the insurer has fulfilled the duty of notification and offer, a court may consider such factors as (1) the clarity with which the purpose of the coverage was explained to the insured; (2) whether the explanation was made orally or in writing; (3) the specificity of the options made known to the insured; and (4) the price at which the different levels of coverage could be purchased. *Id.* This determination "must be resolved under the totality of [the] circumstances." *Id.* at 914. A court should consider only the adequacy of the offer, not whether an insured would have purchased the coverage had it been properly offered. *Thompson*, 940 P.2d at 990.

Under the plain language of the statute, an insurer was required to offer *compliant* coverage so that the named insured had the "option" to acquire it. Ch. 219, sec. 2, § 10–4–710, 1992 Colo. Sess. Laws 1779.

■ The evidence at trial here revealed that the agent did not even discuss with the named insured the categories of persons who would be covered for the enhanced PIP benefits. Moreover, the agent testified she did not know that the policy violated the Act in this respect and had not been informed of any problem in this regard.

Significantly, there was also testimony at trial by the FIC employee who was responsible for ensuring that the policy complied with Colorado law. He indicated he was aware that, by not including passengers and pedestrians as covered persons, the enhanced PIP benefits provisions of the policy were noncompliant. He went on to testify that following issuance of the opinion in *Brennan* he had been advised that the policy needed to be revised in this respect. He stated, howev-

er, that no such changes were ever made to the policy.

Under these circumstances, we conclude that the evidence does not support the jury's verdict that the insurer both had "the required coverages available and offer[ed] those required enhanced PIP coverages in a manner reasonably calculated to permit Mr. Suazo, the named insured, to make an informed decision as to whether to purchase PIP coverage."

Accordingly, the judgment is reversed, and the case is remanded for entry of judgment in favor of Cardenas on his claim for reformation of the insurance policy, and for further proceedings consistent with this opinion.

Judge TAUBMAN and Judge BERNARD concur.