Timothy J. COMISKEY,
Plaintiff–Appellant,

v.

VALLEY FORGE INSURANCE COM-
PANY, Defendant–Appellee.

No. 88CA0712.

Colorado Court of Appeals,
Div. V.

Sept. 21, 1989.

Lee N. Sternal, Pueblo, for plaintiff-appellant.

White and Steele, P.C., Frederick W. Klann, Michael W. Anderson, Matthew R. Giacomini, Denver, for defendant-appellee.

Opinion by Judge RULAND.

Timothy J. Comiskey appeals the summary judgment entered in favor of Valley Forge Insurance Company on his claim for benefits under a no-fault automobile insurance policy. We affirm.

Comiskey was injured while driving his own car in the course of his employment.

Comiskey filed a claim with his employer's workmen's compensation carrier. Comiskey and the carrier executed an agreement whereby Comiskey released all claims against the carrier for total or partial disability, medical benefits, and rehabilitative benefits. This agreement was submitted to the Director of the Department of Labor and Employment by stipulation and approved. *See* § 8–53–105, C.R.S. (1988 Cum. Supp.).

Consideration for the agreement consisted of a lump sum payment, in excess of $24,000, and release of the carrier's subrogation rights against third parties over the sum of $80,000. Total compensation benefits paid to Comiskey were approximately $117,000.

Subsequent to that settlement agreement, Comiskey filed a claim for the cost of a home spa with Valley Forge based upon the recommendation of his doctor that this device would assist in his treatment. Valley Forge denied the claim and Comiskey filed suit asserting that the denial violated the Colorado Auto Accident Reparations Act ("no-fault act") § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A).

At the time of Comiskey's accident, § 10–4–707(5), C.R.S. (1987 Repl. Vol. 4A) provided:

> "When a person injured is a person for whom benefits are required to be paid under the 'Workmen's Compensation Act of Colorado,' the coverages described in section 10–4–706(1)(b) to (1)(e) shall be reduced to the extent that benefits are *actually available and covered under said act* within the time period for payment of benefits under this part 7 prescribed by section 10–4–708." (emphasis added)

 Contrary to Comiskey's contention, we agree with the trial court's conclusion that the stipulation filed with the Division of Labor and the settlement agreement constituted a waiver by Comiskey of any future medical and rehabilitation benefits under the Workmen's Compensation Act with the result that Comiskey thus relinquished any claim for benefits under the no-fault act.

 Comiskey is correct in his assertion that a lump sum payment is limited by § 8–52–103(2), C.R.S. (1986 Repl.Vol. 3B) to compensation for permanent total disability or permanent partial disability. However, this statute does not govern the legal effect of the stipulation and agreement. And the express terms of the stipulation and agreement waive rights to any additional medical or rehabilitation benefits. This waiver is binding absent fraud or mutual mistake of material fact. *See* § 8–53–113, C.R.S. (1986 Repl.Vol. 3B).

 Comiskey in effect concedes that prior to assertion of any claim for personal injury protection benefits under the no-fault act, a worker must pursue and exhaust any right to workmen's compensation benefits. While an award of funds for the spa is permissible under the Workmen's Compensation Act, *See City & County of Denver v. Industrial Commission*, 682 P.2d 513 (Colo.App.1984), no request was made for that benefit prior to execution of the settlement agreement. Hence, Comiskey's waiver of future medical and rehabilitation workmen's compensation benefits precludes his recovery of the claim he asserts here.

 We also reject Comiskey's contention that he is entitled to the cost of the spa based upon public policy considerations. We recognize that the intent of the General Assembly in enacting legislation creating Personal Injury Protection benefits under the no-fault act was "to avoid inadequate compensation to victims of automobile accidents...." Section 10–4–702, C.R.S. (1987 Repl.Vol. 4A). However, this policy may not be relied upon to circumvent the legislative mandate as set forth in the above-quoted § 10–4–707(5).

The judgment is affirmed.

CRISWELL and REED, JJ., concur.