Johnnie GARCIA, Plaintiff–Appellee,

v.

STATE FARM MUTUAL INSURANCE COMPANY, Defendant–Appellant.

No. 94CA1638.

Colorado Court of Appeals,
Div. III.

Nov. 24, 1995.

Rehearing Denied Jan. 4, 1996.

Certiorari Denied Aug. 5, 1996.

Pelton & Pelton, Bradford Pelton, Colorado Springs, for Plaintiff–Appellee.

Debra Sutton & Associates, Debra K. Sutton, James A. Stadler, Littleton, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, State Farm Mutual Insurance Company (insurer), appeals the summary judgment entered for plaintiff, Johnnie Garcia (insured), and the denial of its own motion for summary judgment. We reverse and remand for further proceedings.

The facts are not in dispute. The insured was injured while driving an automobile during the course and in the scope of his employment. He was unable to return to work.

The insured's employer had motor vehicle insurance with the insurer that covered the insured and included personal injury protection (PIP) benefits for lost income, pursuant to the Colorado Auto Accident Reparations Act, §§ 10–4–701 to 10–4–725, C.R.S. (1994 Repl.Vol. 4A) (No–Fault Act). The employer also had workers' compensation insurance covering the insured that included benefits for lost income, pursuant to the Workers' Compensation Act of Colorado, §§ 8–40–101 to 8–47–209, C.R.S. (1995 Cum.Supp.).

The insured applied for both PIP and workers' compensation benefits. He filed this action against the insurer because of a disagreement as to the proper method of calculating the reduction in PIP benefits for workers' compensation benefits.

Both parties filed motions for summary judgment. The trial court adopted the insured's formula, granted his motion, and denied the insurer's motion. The parties stipulated to the remaining issues, and judgment was entered.

The insurer contends that the trial court erred in adopting the insured's formula for coordinating PIP and workers' compensation benefits. Under that formula, workers' compensation benefits are subtracted from lost gross income and then PIP benefits determined by applying the statutory formula for calculating PIP benefits to the remaining "gross" income. The insurer argues that the statutory formula for calculating PIP benefits should instead first be applied to lost gross income and then workers' compensation benefits subtracted from that calculation. Based on the plain language of the controlling statute, as well as a series of prior decisions not brought to the attention of the trial court, we agree with the insurer.

When an employee is injured in a work-related automobile accident, entitlement to compensation depends on both the No–Fault Act and the Workers' Compensation Act. *Peterson v. Kester,* 791 P.2d 1185 (Colo.App. 1989). In such circumstances, § 10–4–707(5), C.R.S. (1994 Repl.Vol. 4A) provides for the coordination of PIP and workers' compensation benefits:

> When a person injured is a person for whom benefits are required to be paid under the 'Workers' Compensation Act of Colorado', the coverages described in section 10–4–706 shall be reduced to the extent that benefits are actually available and covered under said act. . . .

Construction of a statute is a question of law. In resolving that question, the trial court's judgment is subject to independent review by the appellate court. *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995).

To determine legislative intent, we must look primarily to the language of the statute itself and then give effect to the statutory terms in accordance with their commonly accepted meanings. When the statutory language is unambiguous and its consequences not absurd, there is no need to resort to rules of statutory construction. *Jones v. Cox,* 828 P.2d 218 (Colo.1992).

Here, the statute is unambiguous in requiring that PIP "coverage," which in this context is synonymous with "benefits," be

reduced by the amount of workers' compensation benefits. *See Tate v. Industrial Claim Appeals Office,* 815 P.2d 15 (Colo. 1991); *County Workers Compensation Pool v. Folk,* 895 P.2d 1083 (Colo.App.1994); *see also Newton v. Nationwide Mutual Fire Insurance Co.,* 197 Colo. 462, 594 P.2d 1042 (1979) (No–Fault Act clearly states that PIP recovery is to be reduced by workers' compensation benefits). There is nothing absurd about the consequences. Hence, contrary to the insured's argument, PIP benefits must first be calculated and then workers' compensation benefits subtracted from that calculation to determine the PIP benefits owed.

Even if the statute were ambiguous, the insured's construction contravenes the legislative purpose of avoiding duplicate benefits, which is accomplished by making the workers' compensation insurer the "primary" insurer. *See Peterson v. Kester, supra.* This means that "the workers' compensation benefits take the place of PIP benefits." *Tate v. Industrial Claim Appeals Office, supra,* 815 P.2d at 19; *see County Workers Compensation Pool v. Folk, supra.* The insured's formula would result in benefits being supplemented, not merely replaced.

Both parties cite numerous cases explaining the coordination of these benefits in other jurisdictions. However, because the coordination of benefits in Colorado is plainly set forth in our statutes and clearly explained in our case law, we find it unnecessary to consider the other cases cited.

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

JONES and RULAND, JJ., concur.