**BUSINESS INSURANCE COMPANY,**
Plaintiff–Appellant,

v.

**BFI WASTE SYSTEMS OF NORTH
AMERICA, INC.,** Defendant–
Appellee.

No. 00CA0048.

Colorado Court of Appeals,
Div. II.

April 12, 2001.

Clifton, Hook & Bovarnick, P.C., Harvey D. Flewelling, Denver, CO, for Plaintiff–Appellant.

Kennedy & Christopher, P.C., John R. Mann, Daniel R. McCune, Denver, CO, for Defendant–Appellee.

Opinion by Judge JONES.

Plaintiff, Business Insurance Company, appeals the partial summary judgment entered against it and in favor of defendant, BFI Waste Systems of North America, Inc., for recovery of personal injury protection (PIP) coverage. We affirm in part, reverse in part, and remand with directions.

This is a subrogation lien enforcement action arising out of an automobile accident. In March 1998, Karen Folks, while in the course and scope of her employment, was injured in an automobile accident caused by an employee of defendant. Plaintiff, as the workers' compensation insurer for Ms. Folks' employer, paid for all of her medical treatment. Upon reaching maximum medical improvement (MMI), Ms. Folks was declared to have suffered a permanent partial disability (PPD). Plaintiff then paid all necessary disability benefits as required under the Workers' Compensation Act, § 8–42–107, C.R.S. 2000.

Plaintiff brought this action, under the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S.2000 (No Fault Act), and the Workers' Compensation Act, §§ 8–40–101, et seq., C.R.S.2000, to recover all benefits paid.

In the trial court, plaintiff asserted that it had a right to reimbursement of the PIP payments it had made to Ms. Folks as her employer's workers' compensation carrier, as provided in the exception to the bar against tort recovery under the No Fault Act. Section 10–4–713(2)(a), C.R.S.2000. Defendant moved for partial summary judgment, seeking to disallow the requested reimbursement of PIP payments. The trial court granted defendant's motion.

Defendant then moved for an entry of judgment. Plaintiff filed a motion for reconsideration of the court's grant of partial summary judgment. The trial court denied the motion for reconsideration and entered judgment, thereby denying plaintiff recovery of both PIP and PPD benefits it had paid. This appeal followed.

I.

We first address defendant's contention that plaintiff failed to raise a claim under § 10–4–713(2)(a) and is, therefore, barred from raising it for the first time on appeal. We find this contention to be without merit.

The record establishes that the issue was raised in the initial complaint, both parties were given adequate opportunity to address the claim, and the trial court's ruling was clearly based, in part, on § 10–4–713(2)(a).

II.

■ Plaintiff first contends that the trial court erred in determining that it was not entitled to recover PIP benefits because it did not fall within the exclusion set forth in § 10–4–713(2)(a) of the No Fault Act. We perceive no error.

As pertinent here, § 10–4–713(2)(a) provides as follows:

[W]here a motor vehicle accident involves a private passenger motor vehicle ... and a nonprivate passenger motor vehicle, the insurer of the private passenger motor vehicle ... shall have a direct cause of action for all benefits actually paid by such insurer under section 10–4–706(1)(b) to (1)(e) or alternatively, as applicable, section 10–4–706(2) or (3) against the owner, user, or operator of the nonprivate passenger motor vehicle or against any person or organization legally responsible for the acts or omissions of such owner, user, or operator; except that, when the injured person could recover in tort pursuant to section 10–4–714, such direct cause of action shall be to only the extent of the alleged tort-feasor's insurance coverage in excess of reasonable compensation paid to the injured person for such person's injury or damage by the alleged tort-feasor's insurer.

There is no question that, at the time of the accident, Ms. Folks was driving a "private passenger motor vehicle," as such is defined in § 10–4–713(2)(c), C.R.S.2000.

When construing a statute, a court must ascertain and give effect to the intent of the General Assembly. To ascertain that intent, a court must first examine the language of the statute. If the language is clear and unambiguous, a court need not apply additional rules of statutory construction. *State v. Nieto,* 993 P.2d 493 (Colo.2000).

Section 10–4–713(2)(a) is clear and unambiguous. This section expressly authorizes "the insurer of the private passenger motor vehicle" to bring an action against the owner, user, or operator of the nonprivate passenger motor vehicle, when the two vehicles are involved in an accident. Nothing in this section expressly authorizes a similar action by third parties, such as workers' compensation carriers. In order for plaintiff to fall within this exception, this court would need to determine that the statute implicitly grants such a right of action. However, absent a specific provision, the General Assembly may not be deemed to have created such an action. *United Security Insurance Co. v. Sciarrota,* 885 P.2d 273 (Colo.App.1994).

The primary purpose of the No Fault Act is to reduce the high overhead and administration and litigation costs attendant to the traditional tort system and to ensure that victims of automobile accidents are adequately compensated. *Tate v. Industrial Claim Appeals Office,* 815 P.2d 15 (Colo.1991). Although the General Assembly enacted § 10–4–713(2)(a) as an exception to the disallowance of recovery of PIP benefits in a tort action, this section specifically limits such right of action to the "insurer of the private passenger motor vehicle." Thus, a plain reading of the statute requires a determination that the General Assembly did not intend workers' compensation carriers to fall within this exception.

We acknowledge that the legislature may, at any time, establish a rule of law contrary to a nonconsitutional rule of law previously articulated by our courts. *Farmers Insurance Exchange v. Dotson,* 913 P.2d 27 (Colo.1996). However, as of this time, the General Assembly has declined to expand the exception beyond the "insurer of the private passenger motor vehicle."

Plaintiff relies on the primacy provision of the No Fault Act, § 10–4–707(5), C.R.S.2000, in asserting that it falls within the exclusion. It argues that it paid all PIP benefits and, thus, became the "insurer of the private passenger motor vehicle," as required to be entitled to the exception contained in § 10–4–713(2)(a). We disagree.

The purpose of the primacy rule is to prevent duplication of benefits to persons who have been injured in work-related automobile accidents. Under this rule, an injured employee must exhaust any right to workers' compensation benefits prior to collecting any PIP benefits. Simply put, PIP benefits are reduced by the amount of workers' compensation benefits received, so that an insured does not receive double benefits. *Tate v. Industrial Claim Appeals Office, supra.*

The provision at issue is clear and unambiguous. It requires workers' compensation carriers to pay benefits first; and only if those benefits do not cover all PIP benefits, will the PIP carrier be required to provide benefits. *United Security Insurance Co. v. Sciarrota, supra.* There is nothing in this provision, or any other section of the statute, to suggest that its intent was to allow workers' compensation carriers to step into the shoes of the primary insurer of private passenger motor vehicles.

We, therefore, determine that the trial court did not err in ruling that plaintiff did not fall within the exception.

III.

Plaintiff also contends that the trial court, in applying the No Fault Act, erred in determining that the PPD benefits were not recoverable. Because we determine that the trial court based its conclusion on the wrong statute, we agree.

In discussing Ms. Folks' compensation for loss of wages, which is not recoverable by plaintiff under the No Fault Act, the trial

court also, mistakenly, referred to the PPD benefits paid to her as not recoverable under the same rationale.

Thus, in its order granting defendant's motion for entry of judgment, the trial court relied on §§ 10–4–706(b) & 10–4–706(d). In doing so, the trial court construed PPD benefits to be within the wage loss benefits provided under the No Fault Act.

■■■■■ However, PPD benefits are not payments for actual lost wages but, rather, are payments for the potential loss of future earning capacity. *Duran v. Industrial Claim Appeals Office,* 883 P.2d 477 (Colo. 1994); *see also Hussion v. Industrial Claim Appeals Office,* 991 P.2d 346 (Colo.App.1999) (temporary total disability benefits compensate employee for lost wages, while PPD benefits compensate for the loss of future earning capacity). PPD benefits are calculated by using a formula set forth in the Workers' Compensation Act. Section 8–42–107(8)(d), C.R.S.2000. This calculation determines the amount of compensation to be paid to an individual for his or her disability or loss of future earning capacity, not for any actual wage loss that has already occurred or may occur in the future. *Cf. Mesa Manor v. Industrial Claim Appeals Office,* 881 P.2d 443 (Colo.App.1994).

■■■ The workers' compensation system operates on the assumption that the future earning capacity of a partially disabled worker will be less than that of a non-disabled worker. This assumption is the basis for calculating PPD benefits. *United Airlines, Inc. v. Industrial Claim Appeals Office,* 993 P.2d 1152 (Colo.2000). On the other hand, PIP benefits are based on actual wage loss. *See* § 10–4–706(1)(d), C.R.S.2000.

■■■ Since PPD benefits do not require a showing of actual wage loss, but are based on the potential loss of future earning capacity, the No Fault Act does not apply. Instead, the Workers' Compensation Act, and more specifically § 8–41–203(1), C.R.S.2000, governs this issue.

Section 8–41–203(1) provides in pertinent part as follows:

If any employee . . . is injured or killed by the negligence or wrong of another not in the same employ, [and the employee elects] to take compensation . . . *the payment of compensation shall operate as and be an assignment of the cause of action against such other person to the . . . insurance carrier liable for the payment of such compensation.* Said insurance carrier shall not be entitled to recover any sum in excess of the amount of compensation for which said carrier is liable . . . to the injured employee, but to that extent said carrier shall be subrogated to the rights of the injured employee against said third party causing the injury. (emphasis added)

■■■ This section defines the subrogation rights of the insurer in terms of the workers' compensation benefits for which the insurer is liable. The clear and unambiguous language of § 8–41–203(1) allows the workers' compensation carrier to seek reimbursement of its PPD payments from the third party tortfeasor. The fact that the work-related accident, for which workers' compensation benefits were paid, also involved an automobile does not defeat the clear and unambiguous rights given an insurer under the Workers' Compensation Act to recover payment of PPD benefits.

Accordingly, the judgment is affirmed as to the denial of recovery of PIP benefits, and is reversed as to the denial recovery of PPD benefits. The cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

PLANK and CASEBOLT, JJ., concur.