Rebecca **MUNGER, Plaintiff–Appellant,**

v.

**FARMERS INSURANCE EXCHANGE,**
d/b/a **Farmers Insurance Group,**
**Defendant–Appellee.**

No. 06CA0101.

Colorado Court of Appeals,
Div. IV.

July 12, 2007.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

David A. Klibaner, Denver, Colorado, for Plaintiff–Appellant.

Levy, Morse & Wheeler, P.C., Marc R. Levy, Heather M. Anderson, Englewood, Colorado, for Defendant–Appellee.

Opinion by Judge VOGT.

Plaintiff, Rebecca Munger, appeals the trial court's summary judgment in favor of defendant, Farmers Insurance Exchange, d/b/a Farmers Insurance Group. We reverse and remand for further proceedings.

Plaintiff was injured in a motor vehicle accident in April 2003. At the time of the accident, plaintiff was driving her father's car, which was insured by Farmers. The automobile insurance policy included basic personal injury protection (PIP) coverage with wage loss benefits for up to one year after the accident.

Farmers paid plaintiff basic PIP benefits for lost wages for approximately one year, but refused to pay further benefits thereafter. Plaintiff sued, alleging that the accident had left her disabled and unable to work, and that Farmers was obligated to continue to pay her enhanced wage loss benefits because, under Colorado law, Farmers' failure to offer her father such enhanced benefits required that its policy be deemed reformed to include them.

Farmers moved for summary judgment. It asserted that the information it had provided to plaintiff's father satisfied its obligation under the former Auto Accident Reparations Act (No–Fault Act), Colo. Sess. Laws 1973, ch. 94, § 13–25–1, et seq., at 334 (formerly codified as amended at § 10–4–701, et seq.; repealed effective July 1, 2003, Colo. Sess. Laws 2002, ch. 189, § 10–4–726 at 649), to offer enhanced PIP benefits, and that it therefore had no duty to provide plaintiff benefits beyond the basic PIP benefits that her father had selected. The trial court agreed, entered summary judgment for Farmers, and denied plaintiff's cross-motion for summary judgment.

## I.

Plaintiff contends that Farmers did not make a sufficient offer of enhanced PIP coverage and that the trial court erred in entering summary judgment based on its contrary conclusion. We agree.

Summary judgment is a drastic remedy and should be granted only if there is a clear showing that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A trial court's summary judgment is reviewed de novo. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 298–99 (Colo. 2003); *Snipes v. American Family Mut. Ins. Co.*, 134 P.3d 556, 558 (Colo.App.2006).

### A.

Under § 10–4–710(2)(a) of the No–Fault Act, insurers were required to offer, in addition to the minimum statutorily required PIP coverage, optional supplemental coverage in exchange for a higher premium. When an

insurer failed to offer the statutorily mandated optional coverage, such coverage was deemed incorporated into the policy by operation of law, and the policy had to be reformed to so reflect. *Snipes v. American Family Mut. Ins. Co., supra,* 134 P.3d at 558; *see Brennan v. Farmers Alliance Mut. Ins. Co.,* 961 P.2d 550 (Colo.App.1998); *Thompson v. Budget Rent–A–Car Systems, Inc.,* 940 P.2d 987 (Colo.App.1996).

The term "offer" is not defined in the No–Fault Act. What constitutes a sufficient offer for purposes of the optional enhanced PIP coverage has not been the subject of any decisions of this court or the supreme court, although federal courts in Colorado have addressed the issue.

However, in *Allstate Ins. Co. v. Parfrey,* 830 P.2d 905 (Colo.1992), the supreme court prescribed the test to determine whether an insurer satisfied its statutory duty, under former § 10–4–609(2), to offer its insured the opportunity to purchase uninsured/underinsured motorist (UM/UIM) coverage at a level higher than the minimum statutory liability limits. Although *Parfrey* addressed UM/UIM coverage, we conclude, for the reasons set forth below, that its analysis is equally applicable to offers of enhanced PIP coverage.

In *Parfrey,* the supreme court construed § 10–4–609(2) as "creating a one-time duty upon an insurer to notify an insured of the nature and purpose of UM/UIM coverage and to offer the insured the opportunity to purchase such coverage" and held that the insurer's "duty of notification and offer must be performed in a manner reasonably calculated to permit the potential purchaser to make an informed decision on whether to purchase UM/UIM coverage higher than the minimum statutory liability limits." *Parfrey, supra,* 830 P.2d at 912–13.

Under *Parfrey,* in determining whether an insurer has fulfilled its statutory duty, courts are to consider "such factors as the clarity with which the purpose of UM/UIM coverage was explained to the insured, whether the explanation was made orally or in writing, the specificity of the options made known to the insured, the price at which the different levels of UM/UIM coverage could be purchased, and any other circumstances bearing on the adequacy and clarity of the notification and offer." *Parfrey, supra,* 830 P.2d at 913. No one factor is dispositive, and the adequacy of the insurer's notification and offer must ultimately be resolved "under the totality of circumstances." *Parfrey, supra,* 830 P.2d at 914.

The parties in this case disagree as to whether the *Parfrey* analysis applies to offers of enhanced PIP coverage. The trial court concluded that it did not, reasoning that the word "offer" as used in the UM/UIM statute, § 10–4–609(2), requires the insurance company to offer the insured "the right to" higher UM/UIM coverage, whereas, under § 10–4–710(2)(a), the insurer need only "offer" such PIP coverage in the sense of making the coverage available. Federal courts in Colorado have been split on the applicability of *Parfrey* to offers of enhanced PIP coverage. *Compare Padhiar v. State Farm Mut. Auto. Ins. Co.,* 479 F.3d 727, 733–34 (10th Cir.2007)(applying *Parfrey* analysis to determine adequacy of State Farm's offer of optional enhanced PIP coverage, and citing unpublished federal cases that have reached differing conclusions regarding *Parfrey's* applicability to the issue), *with Lust v. State Farm Mut. Auto. Ins. Co.,* 412 F.Supp.2d 1185, 1192 (D.Colo.2006)(Parfrey does not apply to offers of enhanced PIP coverage).

We conclude that the Parfrey analysis applies to determining the adequacy of an insurer's offer of enhanced PIP coverage.

The stated purpose of the No–Fault Act is to avoid inadequate compensation to victims of automobile accidents. *Farmers Ins. Exchange v. Bill Boom Inc.,* 961 P.2d 465, 468 (Colo.1998); *see* former § 10–4–702. The No–Fault Act is to be liberally construed to further its remedial and beneficent purposes. *Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 283, 552 P.2d 300, 304 (1976); *Brennan v. Farmers Alliance Mut. Ins. Co., supra,* 961 P.2d at 553.

Although PIP benefits and UM/UIM benefits compensate for different types of losses, the purpose of both is to ensure adequate compensation for persons injured in car acci-

dents. *See Thompson v. Budget Rent–A–Car Systems, Inc., supra,* 940 P.2d at 991 (rejecting insurer's argument that UM/UIM cases were inapplicable to determination of whether reformation of policy was appropriate when insurer failed to offer enhanced PIP coverage). The *Parfrey* court stressed the importance of providing information sufficient to allow a purchaser to make an informed decision on whether to purchase additional UM/UIM coverage. We perceive no basis for concluding that a potential purchaser of enhanced PIP coverage is less entitled to information sufficient to make an informed purchase decision. Affording purchasers of enhanced PIP coverage a right to such information is, in our view, consistent with the remedial and beneficent purposes of the No–Fault Act and furthers the Act's goal of avoiding inadequate compensation to automobile accident victims.

### B.

■ Having concluded that the *Parfrey* analysis applies to determining the adequacy of offers of enhanced PIP coverage, we next consider whether the written offer made by Farmers to plaintiff's father was sufficient under *Parfrey.* We conclude that it was not.

The written information plaintiff's father received from Farmers regarding the availability of enhanced PIP coverage consisted of the following: (1) a statement at the bottom of Farmers' Renewal Premium Notice stating: "A change in Colorado law has revised No–Fault–personal injury protection. If you wish to buy up to $200,000 protection, please contact your Farmers agent today"; and (2) a statement in Farmers' "Auto Insurance Program Summary" that "Optional personal injury protection coverages also are available." Although Farmers asserts that plaintiff's father also admitted receiving "other written notifications from Farmers offering him the opportunity to purchase additional insurance," it has not identified or produced any such additional written notifications.

We do not agree with the trial court that the two written statements set forth above satisfied Farmers' obligation to offer enhanced PIP benefits and warranted the entry of summary judgment for Farmers. Rather,

the written information provided by Farmers lacks the clarity and specificity required under *Parfrey* to permit the insured to make an informed decision on whether to purchase the optional enhanced coverage.

We note, in this regard, that the information provided by Farmers to its insureds was far less detailed than that provided by the insurer in the case on which Farmers primarily relies, *Lust v. State Farm Mut. Auto. Ins. Co., supra.* The *Lust* court found *Parfrey* inapplicable but added that, even if *Parfrey* applied, State Farm's offer of enhanced PIP benefits "would seem to satisfy the 'totality of the circumstances' test" of *Parfrey. Lust, supra,* 412 F.Supp.2d at 1192. According to *Lust,* State Farm had provided the following information to its policyholders:

The Auto Renewal Notice . . . contains the following language:

HIGHER PERSONAL INJURY PROTECTION COVERAGE LIMITS ARE AVAILABLE—You can purchase higher Personal Injury Protection coverage limits with no deductible.

Coverage P4 semiannual Premium = $88.38 Coverage P8 semiannual Premium = $85.86 See the enclosed News and Notes article for an explanation of these coverages.

. . . The accompanying "News and Notes" pamphlet contained an explanation of these enhanced coverages, beyond the cost and availability. Specifically, the "News and Notes" contained the following language:

Enhanced PIP coverage limits are available Colorado auto insurance law requires that you purchase at least the basic level of personal injury protection (PIP or no-fault) coverage. This coverage is called "P 1." P1 coverage provides mandatory basic coverage limits for medical and rehabilitation expenses, loss of gross income, essential services, and death resulting from injuries sustained in a motor vehicle accident.

Policyholders have the option to choose higher levels of PIP coverage (called "enhanced PIP benefits")—two of which are P8 and P4 coverages—for an additional premium.

[The News and Notes pamphlet] goes on to explain P8 and P4 coverages.

*Lust, supra,* 412 F.Supp.2d at 1187–88.

We are aware of no case in which information as minimal as that provided by Farmers has been deemed sufficient to constitute a valid offer of enhanced PIP coverage.

Finally, we decline to conclude that Farmers' written disclosures were sufficient based on its argument that its Auto Insurance Program Summary, which included the phrase "Optional personal injury protection coverages also are available," complies with the Colorado Division of Insurance requirements for such summaries. Whether Farmers has provided a summary disclosure that complies with the requirements of former § 10–4–111 is a different inquiry from whether it has provided an adequate offer of enhanced PIP coverage for purposes of former § 10–4–710(2)(a).

## II.

Although we have concluded that the summary judgment for Farmers cannot stand, we must also consider plaintiff's additional argument for reversal in order to determine what information may be considered by the trial court on remand in deciding the adequacy of Farmers' offer of enhanced PIP coverage.

Plaintiff contends that Farmers' offer of enhanced PIP benefits was insufficient because it did not comply with the writing requirement of former § 10–4–706(4)(a). We conclude that the § 10–4–706(4)(a) requirement is inapplicable to an offer of enhanced PIP benefits under § 10–4–710(2)(a), and that the trial court on remand may therefore consider any oral explanations given to plaintiff's father in determining whether, under the totality of the circumstances, Farmers made a sufficient offer of enhanced PIP benefits. *See Parfrey, supra,* 830 P.2d at 913 (including "whether the explanation was made orally or in writing" as a factor to consider in determining adequacy of offer of higher UM/UIM coverage).

Former § 10–4–706 describes the various basic PIP coverages that had to be offered in order to comply with the No–Fault Act. Section 10–4–706(4)(a) states, as relevant here: "An insurer issuing policies providing *coverages as set forth in this section* shall provide written explanations of *all available coverages* prior to issuing any policy to an insured." Colo. Sess. Laws 2001, ch. 233 at 806 (emphasis added).

We conclude that the plain language of § 10–4–706(4)(a) requires written explanations of the various basic PIP coverages described in § 10–4–706, but does not apply to other types of coverage described elsewhere in the No–Fault Act, including enhanced PIP coverage described in § 10–4–710. Read in context, the phrase "all available coverages" refers back to the immediately preceding phrase "coverages as set forth in this section," and does not require a written explanation of any other type of coverage, including enhanced PIP coverage, described in other sections of the No–Fault Act.

Our interpretation of § 10–4–706(4)(a) is consistent with that in *Stickley v. State Farm Mut. Auto. Ins. Co.,* 402 F.Supp.2d 1226, 1232 (D.Colo.2005) ("The written explanation requirement in section 10–4–706(4)(a) is not applicable to the offer of enhanced PIP coverages in section 10–4–710."), and *Breaux v. American Family Mut. Ins. Co.,* 387 F.Supp.2d 1154, 1163 (D.Colo.2005)(same).

We are not persuaded to reach a contrary conclusion based on plaintiff's reference to certain "market conduct examination reports," prepared by independent contractors and adopted by the Colorado Division of Insurance, that reviewed the practices of various insurers and, among other deficiencies, found that the insurers' explanation of various PIP coverages did not comply with § 10–4–706(4)(a). We do not read these reports, which involve other insurers and are based on information not in the record before us, as unequivocally establishing the Division of Insurance's agreement with plaintiff's position. In any event, even if the reports could be so interpreted, they would not be dispositive of the issue if they conflict with the plain language of the statute. *See Stickley v. State Farm Mut. Auto. Ins. Co., supra,* 402 F.Supp.2d at 1233 (concluding that market conduct examination reports concerning different insurers were irrelevant and, even as-

suming they were relevant, could not over-come plain language of § 10–4–706(4)(a) ); *see also Stevinson Imports, Inc. v. City & County of Denver,* 143 P.3d 1099, 1102 (Colo. App.2006) (although interpretation of statute by agency charged with its enforcement is entitled to deference, court is not bound to defer to agency decision that misconstrues or misapplies the law).

On remand, the trial court shall determine whether, under the totality of the circumstances test as set forth in *Parfrey,* Farmers made a valid offer of enhanced PIP benefits to plaintiff's father. In making this determination, the court may consider, among other things, the parties' conflicting evidence as to whether plaintiff's father was told about enhanced PIP coverage by Farmers' agent.

The judgment is reversed, and the case is remanded for further proceedings in accordance with the views set forth here.

Judge GRAHAM and Judge HAWTHORNE concur.