**Melinda ZAHNER, Plaintiff–Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, Defendant–Appellee.**

No. 05CA1687.

Colorado Court of Appeals, Div. II.

March 22, 2007.

Rehearing Denied June 21, 2007.

Certiorari Dismissed Oct. 5, 2007.

John Taussig, III, Boulder, Colorado, for Plaintiff–Appellant.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Englewood, Colorado, for Defendant–Appellee.

Opinion by Judge ROTHENBERG.

In this insurance coverage dispute concerning the limits of personal injury protection (PIP) coverage and the offset of workers' compensation benefits, plaintiff, Melinda Zahner, appeals the trial court's judgment in favor of defendant, American Family Mutual Insurance Company. We affirm.

## I. Background

The relevant facts are undisputed. In March 2001, Zahner was injured in a car

accident that occurred during the course and scope of her employment. When she requested compensation from her insurer, American Family, it referred her claim to her workers' compensation insurer. The workers' compensation insurer paid her $102,899 in benefits allocated as follows: $61,756 for medical benefits and $41,143 for temporary total disability wage loss benefits.

After receiving these benefits, Zahner filed this action against American Family, demanding further compensation for the accident. She asserted that her policy with American Family did not meet the requirements of the former Auto Accident Reparations Act (the No–Fault Act), Colo. Sess. Laws 1973, ch. 94, § 13–25–1, et seq., at 334 (formerly codified as amended at § 10–4–701, et seq.; repealed effective July 1, 2003, Colo. Sess. Laws 2002, ch. 189, § 10–4–726 at 649), because American Family had not offered her enhanced PIP benefits as required by former § 10–4–710(2). She sought reformation of the policy to include such benefits.

American Family conceded that at the time of the accident, it had not previously offered enhanced coverage to Zahner, and that it notified her it was reforming her PIP coverage to provide her with such coverage, subject to the $200,000 aggregate limit allowed by § 10–4–710(2)(b) and set forth in the language of the PIP endorsement that accompanied her policy. It is undisputed that the schedule in the endorsement stated, "DELUXE PIP: AGGREGATE LIMITATION $200,000 per person," and that paragraph 2(g) of the general provisions section of the endorsement stated that "the total aggregate amount payable for medical expenses, rehabilitation expenses, work loss, essential expenses, and death compensation, shall not exceed the amount shown in the schedule of this endorsement."

American Family then paid Zahner $97,101 in PIP benefits, which it calculated by deducting the amount she had already received in workers' compensation benefits from $200,000, the amount American Family maintains is its maximum liability under her policy. Zahner disagreed with American Family's calculation of the benefits owed to her under the reformed policy. She asserted in

her complaint that the $200,000 aggregate amount did not apply, and that American Family did not have the right to deduct her workers' compensation benefits from the amount due under the policy. Thereafter, both parties filed motions for determination of law seeking guidance from the court.

The trial court agreed with American Family that $200,000 was its maximum exposure to Zahner under the policy, and that it was entitled to the $102,899 offset. The court entered judgment in favor of American Family, explaining its reasons in its order:

> [W]hen an employee is injured in an automobile collision while in the course of her employment, workers' compensation benefits are primary. If the employee's workers' compensation benefits do not fully cover a plaintiff's losses, the PIP insurer is required to provide benefits, up to the policy limits . . . . Since the workers' compensation benefits, in effect, stand in the shoes of the PIP benefits to the extent workers' compensation benefits are available, the amounts paid as workers' compensation benefits are part of the aggregate $200,000 limit. Here, the [American Family] policy limit for all benefits is $200,000. The Court finds [Zahner] has been fully compensated in that amount and is not entitled to any further benefits under her [American Family] policy.

We treat the parties' motions as cross-motions for summary judgment and affirm the trial court's ruling.

## II. Contentions

On appeal, Zahner challenges the level of PIP benefits to which she is entitled after reformation of her policy by American Family. She contends the trial court erred in three respects and should not have entered judgment for American Family because (1) American Family's reformed PIP coverage was not subject to a $200,000 aggregate limit; (2) American Family's failure to have offered the enhanced coverage required by § 10–4–710(2)(a)(II) resulted in the policy not being a "complying policy," and therefore, a $200,000 aggregate limit could not be imposed; and (3) even if American Family's coverage is limited to $200,000, coverage

should not have been reduced by the amount of PIP-equivalent benefits paid by the workers' compensation carrier.

After Zahner filed her opening brief in this case, a division of this court announced *Snipes v. American Family Mutual Insurance Co.*, 134 P.3d 556 (Colo.App.2006), which upheld the imposition of the $200,000 aggregate to a reformed policy. Zahner conceded in her reply brief that *Snipes* is dispositive of her first argument, and we agree. However, *Snipes* did not address whether an insurer's failure to have the optional coverage required by § 10–4–710(2)(a)(II) resulted in the policy not being a "complying policy" so that a $200,000 aggregate amount could not be imposed.

Therefore, we address that issue and also address the propriety of American Family's offset for the workers' compensation benefits paid to Zahner.

### III. Standard of Review

Summary judgment is a drastic remedy and should be granted only if there is a clear showing that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A trial court's summary judgment is reviewed de novo on appeal. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294 (Colo. 2003).

### IV. Is American Family's Policy a "Complying Policy"?

In 1989, § 10–4–710(2)(b) of the No–Fault Act was amended to permit insurers like American Family to include, in a "complying policy," a $200,000 limit on the total aggregate benefits payable under the enhanced coverage. *See Snipes, supra,* 134 P.3d at 558.

In 1992, the General Assembly enacted House Bill 921175, and amended former § 10–4–710(2) of the No–Fault Act to require insurers to offer additional coverage to policyholders. The amended statute retained the $200,000 aggregate limit and provided, in relevant part:

(a) Every insurer shall offer for inclusion *in a complying policy, in addition to the coverages described in section 10–4–706,* at the option of the named insured:

. . .

(II) Compensation of all expenses of the type described in section 10–4–706(1)(b) without dollar or time limitations and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.

(b) *A complying policy may provide that all benefits set forth in section 10–4–706(1)(b) to (1)(e) and in this section are subject to an aggregate limit of two hundred thousand dollars* payable on account of injury to or death of any one person as a result of any one accident arising out of the use or operation of a motor vehicle.

Colo. Sess. Laws 1992, ch. 219, § 10–4–710(2) at 1779–80 (emphasis added).

This requirement that insurers offer enhanced PIP coverages has been explained by commentators as follows:

In addition to requiring certain minimum coverages, when it was in effect, the No–Fault Act also required that auto insurers offer their insureds enhanced PIP benefits. Those enhanced PIP . . . benefits were for medical benefits without dollar or time limitations or those same unlimited medical benefits and 85 percent of the claimant's loss of gross income per week, again without time or dollar limitations. Although both types of [enhanced PIP] benefits provided for "unlimited" coverages, under the Act's [enhanced PIP] section, an insurer was allowed to cap that coverage at $200,000, or roughly, less than $70,000 more than the value of the coverages that were mandated under a basic PIP policy. Where an insurer either failed to offer the requisite [enhanced PIP] coverage or the offer itself failed to comply with the coverages mandated by the statute, the policy must be reformed so that it conforms with the statute and supplies the appropriate coverage.

John W. Grund, J. Kent Miller & Graden P. Jackson, 7A *Colorado Practice: Personal Injury Torts And Insurance* § 49.5A (2d ed.2006)(footnotes omitted).

Here, neither party disputes that the policy, or the endorsement accompanying it, may state there is a cap of $200,000 for the aggregate limit of PIP benefits. *See Brennan v. Farmers Alliance Mut. Ins. Co.,* 961 P.2d 550 (Colo.App.1998); *Thompson v. Budget Rent–A–Car Sys., Inc.,* 940 P.2d 987 (Colo. App.1996).

■ Zahner's argument is that the American Family policy is *not* a "complying policy" under former § 10–4–703(2), because it did not pay her all of the wage loss benefits to which she was entitled. We therefore look to former § 10–4–703(2) of the No–Fault Act, which defined a "complying policy" as "a policy of insurance which provides the coverages and is subject to the terms and conditions required by this part 7." Colo. Sess. Laws 1992, ch. 206 at 1559. Part 7 required coverages for liability, and PIP medical expenses, rehabilitation, wage loss, essential services, and death benefits.

Thus, American Family's policy and PIP endorsement is a "complying policy" under the No–Fault Act if it provides Zahner with the coverages required by part 7. We conclude that it does.

Former § 10–4–706(1)(d)(I) required that each PIP policy provide these minimum coverages: $50,000 in medical benefits; $50,000 for rehabilitation expenses; $9,100 for essential services ($25 per day for 364 days); $1,000 for death compensation; and wage loss benefits based on a percentage of the actual wage loss, not to exceed $400 per week for a period not exceeding 52 weeks. *See Employers Fire Ins. Co. v. Lumbermens Mut. Cas. Co.,* 964 P.2d 591, 594 (Colo.App. 1998). As the federal district court observed in *Breaux v. American Family Mutual Insurance Co.,* 387 F.Supp.2d 1154, 1165 (D.Colo.2005), "[s]imple addition will show that the maximum benefit available under the mandatory minimum PIP coverage is $130,900, patently within the $200,000 aggregate limit."

The reformed policy under § 10–4–710(2)(a)(I) still provides Zahner with coverage for liability, and PIP medical expenses, rehabilitation, wage loss, essential services, and death benefits. But it also expands the PIP coverage to include medical and non-medical remedial expenses plus wage losses at eighty-five percent. Further, the expanded policy is unlimited as to time and provides her with almost $70,000 in additional PIP benefits over her basic PIP coverage.

We therefore conclude, contrary to Zahner's contention, that American Family's reformed policy is a "complying policy" within the meaning of former § 10–4–710(2)(a)(II), because it provides her with the coverage required by part 7. Accordingly, we further conclude the $200,000 aggregate applies to her reformed PIP coverage, and the trial court correctly ruled as a matter of law that American Family's maximum obligation to Zahner for PIP benefits was $200,000.

## V. Offset for Workers' Compensation Benefits

Zahner next contends that even if American Family's coverage is limited to $200,000, that coverage should not have been reduced or offset by the amount of PIP-equivalent benefits paid by the workers' compensation carrier. Again, we disagree.

■ We review the interpretation of the Workers' Compensation Act de novo. *See Wolford v. Pinnacol Assurance,* 107 P.3d 947, 950 (Colo.2005).

Former § 10–4–707(5) provided, as relevant here:

> When a person injured is a person for whom benefits are required to be paid under the "Workers' Compensation Act of Colorado," *the coverages described in section 10–4–706 ... shall be reduced to the extent that benefits are actually available and covered under said act within the time period for payment of benefits....*

Colo. Sess. Laws 1995, ch. 48 at 132–33 (emphasis added).

■ "[W]orkers' compensation benefits take the place of PIP benefits," and the injured party " 'must pursue and exhaust any right to' workers' compensation benefits" be-

fore he or she may collect PIP benefits. *Tate v. Indus. Claim Appeals Office*, 815 P.2d 15, 19 (Colo.1991)(quoting *Comiskey v. Valley Forge Ins. Co.*, 781 P.2d 188, 189 (Colo.App.1989)). A PIP benefits insurer is only required to provide benefits to the party if the workers' compensation benefits do not cover all expenses which would otherwise be covered by PIP benefits. *Bus. Ins. Co. v. BFI Waste Sys., Inc.*, 23 P.3d 1261, 1264 (Colo.App.2001).

■ Zahner's argument is that American Family may only deduct workers' compensation benefits that were "actually available" to her. She points out that her wage losses from the accident exceeded $242,000, which far exceeded the total amount she actually received from workers' compensation. Relying on *Garcia v. State Farm Mutual Insurance Co.*, 920 P.2d 843 (Colo.App.1995), she contends American Family should not be allowed to deduct her medical bills from her PIP wage loss benefits because compensation for her wage loss was not "actually available" to her through workers' compensation. Thus, according to Zahner, she is entitled to be paid for her entire wage loss by American Family up to a maximum of $200,000 without any deductions. We do not agree the holding in *Garcia* is that limited.

In *Garcia, supra*, the parties disagreed regarding the manner in which PIP and workers' compensation benefits should be coordinated. A division of this court concluded, based on the plain language of the controlling statute, that "PIP benefits must first be calculated and then workers' compensation benefits subtracted from that calculation to determine the PIP benefits owed. *Garcia, supra*, 920 P.2d at 845; *see Tate v. Indus. Claim Appeals Office, supra*.

Here, we have concluded as a matter of law that $200,000 is the maximum amount of PIP benefits owed by American Family under the policy. It is undisputed that Zahner's workers' compensation insurer paid her $102,899 in benefits, and that American Family then paid her $97,101 in additional PIP benefits, which resulted in a total payment to

her of PIP or PIP-equivalent benefits of $200,000.

The record is unclear whether more workers' compensation benefits were "actually available" to her. However, even if they were, Zahner has not suffered any prejudice in this action because we have concluded that her total aggregate PIP benefits from American Family is capped at $200,000, and that American Family was entitled to deduct the workers' compensation benefits paid to her from the $200,000 aggregate amount.

We therefore conclude Zahner has received all the benefits from American Family to which she is entitled, and the trial court did not err in entering summary judgment in the insurer's favor.

Judgment affirmed.

Judge LOEB and Judge STERNBERG * concur.